CASE 12—PETITION EQUITY—JUNE 6.

## Day, &c., v. Burnham, &c.

APPEAL FROM CARTER CIRCUIT COURT.

1. VENDOR AND VENDEE—CONSTRUCTION OF TITLE BOND.—The bond of a vendor in general terms to convey land upon payment by the vendee of the agreed purchase price is a covenant that he has, or will procure and make, a good title to the entire quantity sold, and, in his deed, warrant the title against all claims; and such undertaking is limited only when in plain terms so expressed.

A title bond binding the vendors " to have as good a deed as can be had to all the boundary claimed by them," imports an obligation by the vendors to make a good title and warrant it generally. Therefore, a deed containing only a special warranty of title was not such

as the vendors covenanted to make, and the tender of such a deed did not entitle them to judgment for the unpaid purchase money.

2. SAME.—It was incumbent on the vendors, the plaintiffs, to show that they, or the persons who united with them in the deed tendered, had a good title to the land and the right of possession, that fact being denied in the answer.

3. JUDGMENT AGAINST ONE NOT A PARTY.—The land having been sold under the judgment of the court and purchased by plaintiffs, it was error to render a further judgment for the possession against one who was not made by plaintiffs a party defendant, and whose title or right of possession was not put in issue, although the answer, which was made a cross-petition against him, alleged that he was then in possession, claiming a part of the land.

J. D. JONES AND H. B. GREGORY FOR APPELLANTS.

1. The title bond executed by appellees bound them to make to appellant Day a deed of general warranty. (Hedges v. Kerr, 4 B. M., 526; Andrews v. Word, 17 B. M., 520; Fleming v. Harrison, 2 Bibb, 171; Vanada v. Hopkins, 1 J. J. Mar., 298.)

2. The judgment is erroneous, if for no other reason, because there is no recovery against Shumate, who is in possession of the land, and the judgment would not be a bar to an action by him to recover the land.

R. D. DAVIS FOR APPELLEES.

No brief in record.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The title bond of appellees, husband and wife, contains the following: "The said E. W. Burnham and Eliza Burnham bind themselves to have as good a deed as can be had to all the boundary claimed by them, for which the said R. M. Day binds himself to pay them three hundred dollars."

The bond of a vendor, in general terms, to convey land upon payment by the vendee of the agreed purchase price is, in legal contemplation, a covenant that he has, or will procure and make, a good title to the entire quantity sold, and in his deed warrant the title against all claims, and such undertaking is limited only

when in plain terms so expressed. We think the language quoted imports an obligation by appellees to make a good title and warrant it generally, and cannot be fairly interpreted otherwise. Besides, appellees did not have title to the land when they sold it, the only interest in it of either of them being the dower right of Eliza Burnham, who was widow of John L. Day, and, therefore, a covenant to warrant the title only against those claiming under them would have been no warranty at all.

Therefore, the deed tendered by appellees, though it was signed and acknowledged by the heirs at law of John L. Day, as well as by appellees, containing as it did only a special warranty of title, was not such as they covenanted to make, and they were not entitled to judgment for the unpaid purchase money.

It was also stated in the answer of appellant, R. M. Day, that neither appellees nor any of the other parties to the deed tendered have a good title to the land, and that appellant, Shumate, was then in possession, claiming part of it.

No effort was made by appellees to show title in themselves or in the heirs of John L. Day, nor did they make Shumate a defendant, or seek to recover of him the possession, or litigate with him as to his claim. It is true appellant, R. M. Day, made his answer a cross-petition against Shumate, but no issue was made therein with him, or judgment prayed against him.

It seems to us it was incumbent on appellees, plaintiffs below, in the first place, to show they, or the heirs of John L. Day, had a good title to the land and right of possession, after the fact was denied in the answer,

and, in the second place, to offer to make such deed as they covenanted to make. But without requiring them to do either, the lower court rendered judgment for the amount of the note sued on, being the last installment of the purchase price, and for a sale of the land to satisfy it. And after it had been sold and purchased by appellees, a further judgment was rendered against Shumate, as well as R. M. Day, for the possession, both of whom have appealed.

As Shumate was not made by the plaintiffs a party defendant, nor his title or right of possession put in issue, we do not see upon what ground a judgment against him was rendered in their favor.

Wherefore, the judgment for the amount of the note sued on, for sale of the land, and for the possession in favor of the plaintiffs, is reversed, and cause remanded for further proceedings consistent with this opinion.

---

\* CASE 13—INDICTMENT—SEPTEMBER 30, 1886.