# Hawkins v. Merritt.

*Action to recover Damages for Breach of Contract to Sell and Convey Land.*

1. *Breach of contract to sell and convey land.*—A vendor commits a breach of his contract to sell and convey land, when he had, before the contract, conveyed the land by mortgage, and afterwards knowingly suffers the mortgage to be foreclosed, and the vendee to be evicted by the purchaser; and by reason thereof the vendee is authorized to treat the contract as rescinded, and sue for damages for the breach.

2 *Same; damages.*—Where a vendor has committed a breach of his contract to sell and convey land, by doing, or knowingly suffering to be done, an act which disables him to perform the contract on his part, the vendee is entitled to a return of the purchase money paid by him, with interest, and to compensation for the value of permanent improvements made in good faith by him after he was put in possession, in excess of the rent received, or the value of the use and occupation of the land enjoyed by him.

3. *Same; tender of unpaid purchase money.*—A tender of the unpaid purchase money is not a condition of the vendee's right to treat a contract for the sale and conveyance of land as rescinded by the breach of the vendor, and to sue for damages.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was an action by the appellant, V. T. Hawkins, against the appellee, F. H. Merritt, as executor of the estate of F. M. Gilmer, deceased, to recover one thousand dollars as damages for the breach of a written contract made by the defendant's testator, which is described in the opinion. The complaint, after setting out the contract in full, proceeds : "And plaintiff says that, immediately after the execution of said agreement by the said F. M. Gilmer and himself, the said Gilmer put him in the possession of said lands under said contract, and that he cultivated the same, making valuable improvements thereon ; that he fully complied with the terms of said agreement, and paid to the said Gilmer the notes falling due in the month of October of the years 1890 and 1891, respectively; that on June 6, 1892, which was prior to the time of maturity of said third note, said lands were advertised for sale by J. F. Leary and M. B. Houghton, as transferees of a certain mortgage executed by said F. M. Gilmer and wife, Caroline M., conveying said lands to the State Bank (said mortgage having been executed prior to January 25, 1890, the date of said agreement between F. M. Gilmer and plaintiff), and were sold on the 1st day of July, 1892, said J. F. Leary and M. B. Houghton becoming the purchasers thereof; that said Leary and Houghton, as such purchasers, did on or about, to-wit, the 15th day of July, 1892, demand possession of said lands from plaintiff, and evicted him from the occupation of same ; that plaintiff had, prior to the time of such ouster as aforesaid, fully complied with all the terms of said agreement, and was still willing to comply with the same when he was dispossessed of said lands ; that defendant, as the personal representative of said Gilmer, has been repeatedly requested by plaintiff to fulfill the terms of said agreement, but has failed to do so. Therefore plaintiff says that, by reason of defendant's failure to comply with the terms of said agreement as aforesaid, he has sustained damages in the sum mentioned. And plaintiff further avers that he expended a large sum, to-wit, six hundred dollars ($600), in ditching, fencing, and making other permanent and valuable improvements on said land, while he was in the possession thereof under said contract, and prior to the

time he was evicted by said Leary and Houghton as aforesaid, thereby greatly enhancing the value of said land, and although he has made repeated requests of defendant, as the personal representative of said Gilmer, to refund said money, he refuses to do so." To this complaint the defendant demurred on the following grounds: "(1) That the complaint does not aver or show any breach of a contract sued on, on the part of this defendant or his testator, the said F. M. Gilmer. (2) That the complaint is founded upon a written contract set out in the declaration, claiming a breach thereof by this defendant, when, by the terms of said contract, defendant's testator, or this defendant as his executor, was not required to 'make good and warranted titles to the said lands' mentioned in said written contract until and after the payment in full of the notes shown in said contract to have been given by plaintiff; and said complaint does not aver or show the performance of the terms of said contract by the plaintiff, or any breach thereof by said F. M. Gilmer or this defendant." This demurrer was sustained, and, the plaintiff declining to plead further, judgment was •rendered for the defendant. Plaintiff appeals, and assigns as error the ruling of the court in sustaining the demurrer interposed to the complaint.

FARNHAM, CRUM & WEIL, for appellant.—A party who disables himself from performing his contract, before default by the other party, thereby waives the acts of the latter, which, but for the disability, he would be bound to perform as conditions precedent to recovery on the contract.—3 Am. & Eng. Ency. of Law (note), 908, citing *Woolner v. Hill*, 93 N. Y. 576; *Hawley v. Keeler*, 53 N. Y. 114. The vendee, after default made by the vendor, could elect to rescind the contract, and sue for damages for the breach thereof. The defendant, by failing to remove the mortgage incumbrance, and permitting the land to be sold thereunder, has placed it out of his power to perform his part of the agreement. A tender, therefore, upon the part of plaintiff, and a demand that defendant should do a thing which he is powerless to perform, would be a vain act, and is not required by law.—*Wilhelm v. Fimple*, 7 Am. Rep. 117, s. c. 31 Iowa 131; Hilliard on Vendors (2nd ed.) 250, 480; *Pumpelly*

*v. Phelps*, 100 Am. Dec. 463 ; *Mack v. Patchin*, 42 N. Y., 175 ; *Peak v. Gore*, 23 S. W. Rep. 356 ; *Getty v. Peters*, 10 L. R. An. 465 ; *Flinn v. Barber*, 64 Ala. 193 ; *Cullom v. Branch Bank*, 4 Ala. 288 ; *Green v. Allen*, 32 Ala. 215 ; *Griggs v. Woodruff*, 14 Ala. 9 ; *Reese v. Kirk*, 29 Ala. 406 ; *Bedell v. Smith*, 37 Ala. 619.

W. A. GUNTER, *contra.*—The complaint discloses on its face that the precise condition expressed in the contract, on which alone a conveyance of title could be demanded, has not transpired, viz : the payment of the purchase money notes. If parties are competent to contract, and do so, and suit is brought on the contract as made, it seems clear that a breach of the contract must be shown in the pleadings.—*Chesnut v. Tyson* (Ala.), *Mss.; Cuttier v. Powell*, 2 Smith's Leading Cases, 1, and note ; 3 Am. & Eng. Ency. of Law, 911, 916.

HEAD. J.—By the contract of sale declared on, defendant's testator agreed to sell the land therein described to plaintiff, for sixteen bales of cotton, of specified weight and quality, deliverable, four bales in October of each of the years 1890, 1891, 1892 and 1893 ; and, upon final payment, to make "good and warranted titles" to the lands. The plaintiff went into possession, and delivered the first two instalments of cotton, according to agreement, and, while in possession, made valuable permanent improvements upon the premises. When this purchase was made, July 25, 1890, the vendor, defendant's testator, had conveyed the land, by mortgage, to the State Bank, which afterwards transferred the mortgage to J. F. Leary and M.B. Houghton, who, on July 1, 1892, sold the land under the mortgage, themselves becoming the purchasers ; and on July 15th, 1892, they evicted the plaintiff from the occupation of the land.

As between the contracting parties, the contract of sale operated, in equity, a transmutation of the possession to the plaintiff, and he rightfully went into possession, with the equitable right to retain it until the time for the performance, when, by performance, the right would be perfected at law.—*Wimbish v. Building & Loan Association*, 69 Ala. 575 ; *Ashurst v. Peck*, 101 Ala. 499, and authorities cited. The plaintiff treated the contract as rescinded, by reason of the eviction under the

facts stated, and brought this action to recover damages
for the breach.

The Circuit Court sustained a demurrer to the com-
plaint, assigning as ground, that by the contract defend-
ant was not required to make titles until after payment
in full of the purchase price, and the complaint does not
aver performance by the plaintiff, nor breach by the
vendor or his executor. It would seem to be an answer
to this demurrer to say merely that the defendant is not
called upon to make titles to the land; that the com-
plaint does aver a breach by the vendor, and that the
plaintiff was in no default at the time it was committed.
The first and third of these propositions are not debate-
able. They will not be disputed. It is an established
principle that a vendor commits a breach of his contract
to sell and convey, when he does, or knowingly suffers
to be done, an act which disables him to perform the
contract on his part; and, by reason thereof, the vendee
is authorized to treat the contract as rescinded, and sue
for damages for the breach. See the many authorities
collected on the brief of appellant's counsel. If there is
any qualification of the rule, arising out of any fact of
this case, we have not been referred to authority for it.
The case of *Wilhelm v. Fimble*, 31 Iowa, 131 (7 Am.Rep.
117), is almost the counterpart of the present. There,
as here, the vendor had, before the contract, conveyed
the land by mortgage, and afterwards knowingly suf-
fered the mortgage to be foreclosed, and the plaintiff to be
evicted by the purchaser. The plaintiff had paid a large
part of the purchase price, and made valuable perma-
nent improvements. The action was sustained. Upon
the facts averred in the present complaint, the plaintiff
is entitled to a return of the money, with interest; and
if, after being put in possession by the vendor, and, in
reliance, in good faith, upon the ability and purpose of
the vendor to convey to him the title contracted for,
himself being able and intending, in good faith, to per-
form the contract on his part, he made permanent im-
provements on the land, at a fair and reasonable cost, in
excess of the rents received, or which might, by proper
diligence, have been received, or the value of the use and
occupation of the land enjoyed by him, the loss thereof
is the direct result of the vendor's breach, and entitling

him to compensation therefor, at the hands of the defendant.—2 Suth. on Dam., 245, *et. seq*.

It is obvious that a tender of the unpaid purchase money was not a condition of the vendee's right to treat the contract as rescinded, by the breach of the vendor, and sue for damages.—*Johnston v. Collins*, 17 Ala. 318; *Read v. Walker*, 18 Ala. 323; *Bedell v. Smith*, 37 Ala. 619.

The action was well brought, and the demurrer ought to have been overruled.

Reversed and remanded.