ROBERTSON v. CURLEE.

1. SUPERSEDEAS.—AN APPEAL from an intermediate order of the probate court, not "final" as to the interests of the parties to the action, does not act as a *supersedeas.*

2. DOWER—WARRANTY—APPEAL.—In petition for dower, defendant has no right to an order requiring his warrantor to come in and defend

his title, but the warrantor has the right to do so upon notice that his title is assailed, and the order here not having denied defend-·ant's warrantor this right will not be reversed because the Circuit Judge based his affirmance of it on unsound reasoning. MR. JUS-TICE GARY *dissenting as to the latter.*

Before ALDRICH, J., Fairfield, March, 1900.    Affirmed.

Petition in probate court by Martha Amanda Robertson against James R. Curlee.   From order refusing motion of defendant to require his warrantors, Thomas K. Elliott and Thomas H. Ketchin, to come in and defend their title, the defendant and his warrantors appealed.   From Circuit order affirming, same parties appeal.

*Mr. J. E. McDonald,* for appellant, cites : *Warranty protects against contingent right of dower:* 5 Rich., 12 ; 9 Rich., 374 ; 5 S. C., 405 ; 12 S. C., 62 ; 27 S. C., 193.   *Warrantor having been notified, is bound by the judgment:* 1 Strob., 65, 448 ; 1 Hill, 27.   *Practice is to notice warrantor:* 1 Sp., 61 ; 1 Hill, 27.   *And he must be required to defend the title:* 19 Ark., 470 ; 6 Mo. App., 588 ; 3 W. & S., 410.   *No particular form is required:* 2 Brev., 171.   *Party noticed is bound by judgment and should be allowed to come in and defend:* 9 Rich., 397 ; 2 Strob., 86.   *Appeal from order refusing motion acted as supersedeas:* Code, 57 ; 18 S. C., 597 ; 24 S. C., 86 ; Code, 59 ; 32 S. C., 102 ; 34 S. C., 346 ; 36 S. C., 559.

*Mr. Jas. G. McCants,* contra, cites : *Warrantors are required by notice to come in and defend:* 1 Sp., 67.

March 12, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This was a proceeding commenced by the plaintiff in the probate court against the defendant, James R. Curlee, to have dower assigned to her in two tracts of land aggregating about 1,200 acres, alleged to be in the possession of James R. Curlee.   The petition was filed on

the 27th day of July, 1899. On the 18th of August, 1899,
•James R. Curlee filed his answer, in which he alleged among
other things that one of the tracts of land had been conveyed
to him by Thomas K. Elliott and Thomas H. Ketchin; that
the said grantors expressly warranted the titles to this de-
fendant against themselves and all other persons by a cove-
nant of general warranty. He also prays that Elliott and
Ketchin might be made parties to the proceeding, and re-
quired to defend the title to the land which they had con-
veyed to him. On the day that James R. Curlee filed his
answer, he also served notice upon Elliott and Ketchin of the
pendency of the proceedings against him, of its nature, and
that they were required to defend the title to the land they
had conveyed. The notice was served before the filing of
said answer. Other facts necessary for a proper understand-
ing of the questions presented by the exceptions are set out in
the order of his Honor, the Circuit Judge, which is as fol-
lows : "This case comes up on appeal from the court of pro-
bate. There are two appeals. It appears that on the 18th
day·of August, 1899, a motion was made by the defendant,
James R. Curlee, and Thomas K. Elliott and Thomas H.
Ketchin in the court of probate, to have said Thomas K. El-
liott and Thomas H. Ketchin made parties defendant to the
proceeding, and to come in and defend the title. This mo-
tion was refused by the court of probate, by its order dated
the 21st August, 1899. The defendant, James R. Curlee,
as well as the said Thomas K. Elliott and Thomas H.
Ketchin, thereupon served and filed notice and grounds of
appeal from said order. The action was heard by the court
of probate on its merits on September 4th, 1899, and resulted
in a decree in favor of the defendant. From this decree the
defendant, James R. Curlee, duly served and filed notice and
grounds of appeal. The said defendant raised objection at
the hearing of the case on its merits in the probate court as
to the power of that court to proceed pending the appeal
from the order hereinbefore mentioned. In addition to the
reasons·therein stated, I am satisfied that the order refusing

the motion to have the said Thomas K. Elliott and Thomas
H. Ketchin made parties defendant should be affirmed, for
the further reason that the service of the notice to vouch
them to come in and defend the title did not require them to
be made formal parties to the record, but only required them
to defend the cause in the name of the defendant; and the
said Thomas K. Elliott and Thomas H. Ketchin became
thereby privies to the record.   I am also satisfied that there
is no error in the decree.

"It is, therefore, ordered, that both appeals be dismissed,
and the judgment of the court of probate affirmed."

It will not be necessary to consider the exceptions in de-
tail, as some of them raise the same question in different
language.   We will first dispose of those exceptions raising
the question whether the probate court had jurisdic-
tion to hear the case upon the merits after service of
notice of appeal from the order, dated 21st August,
1899.   Sec. 57 of the Code is as follows: "Any person inter-
ested in any final order, sentence or decree of any probate
court, and considering himself injured thereby, may appeal
therefrom to the Circuit Court in the same county at the
stated session next after such appeal." * * * Sec. 59 of the
Code provides: "When an appeal according to law is taken
from any sentence or decree of the probate court, all pro-
ceedings in pursuance of the order, sentence or decree ap-
pealed from shall cease until the judgment of the Circuit or
Supreme Court is had."   These sections must be construed
together.   While the order may be regarded "final" as to
the rights of Elliott and Ketchin, it was not "final" as to the
rights of all the parties to the proceeding, and this is what
the Code contemplates.   The exceptions raising this ques-
tion are overruled.

The next question that will be considered is whether the
Circuit Judge erred in sustaining the order of the probate
court refusing to allow Thomas K. Elliott and Thomas H.
Ketchin to be made parties defendant in said pro-
ceedings, in order that they might answer and defend

the title to the land they had conveyed.    In the case of *Goodwin* v. *Taylor,* 2 Brev., 171, the Court says: "There is no particular form to be observed in vouching, but for the most obvious reason and on the plainest principles of justice the party to be affected by a verdict ought either to be a party or a privy in the suit.    If he is a stranger in the action—that is, not a party—he ought to have notice within a reasonable time that the verdict, if it is had against the defendant, will be used against him, so that he may have an opportunity of opposing and defeating the plaintiff's action, if he should be disposed to do so."    The doctrine is thus stated in *Davis* v. *Wilbourn,* 1 Hill, 27: "It is a part of the contract of warranty that the warrantor shall defend the title, and by this mode of proceeding two objects are obtained: 1st. It gives the defendant the advantage of the better information which the warrantor is supposed to possess in relation to the title; and 2d. Saves the necessity of trying the same title again in an action against the warrantor.    The notice to the warrantor makes him a privy to the record, and he is bound by it to the extent to which his rights have been tried and adjudged; and in an action against him at the suit of the warrantor, in addition to the record, all that is necessary to be shown is that his title was in issue and judgment given upon it."    In the case of *Middleton* v. *Thompson,* 1 Sp., 67, the Court uses this language: "In this State, we have no such thing in practice as a voucher, technically so called, and as practiced in England.    A notice to the warrantor to come in and support the title of the warrantee is used in its place." See, also, *Wilson* v. *McElwee,* 1 Strob., 65; and *Buckels* v. *Mouzon,* 1 Strob., 448.    These authorities show that the notice served on Elliott and Ketchin made them parties to the proceedings, and that the motion hereinbefore mentioned was entirely unnecessary.    If the motion had been granted, it would only in a formal manner have enabled the warrantors to exercise a right which had already been conferred upon them by law; and if the motion had been refused on the ground that there was no necessity for such a pro-

ceeding, there would have been no error. The refusal of the motion was, however, not based on this ground. The probate court construed the law on this subject as follows: "Sec. 1916 of the Gen. Stat. provides that the summons may be directed to any 'person or persons who may be in possession of any of said lands,' and it is admitted by Curlee's answer that he is in possession of the land. The court of probate is a court of limited jurisdiction, and if the warrantors should be made parties, I am without power or authority to decree any relief against them in favor of the plaintiff, or between them and their proposed codefendant, James R. Curlee; neither the Constitution or the statute law giving this Court power to determine suits on covenants of warranty. Further, Elliott and Ketchin are not necessary parties for the determination of this action. When the cause shall have been heard on its merits, the only question to be determined is whether the demandant is entitled to dower in the premises; and the defendant, Curlee, having admitted by his answer not only that he is in possession, but holds the legal title, he is the necessary party defendant for the determination of the question. He (Curlee) having notified his warrantors of demandant's claim, is doubtless possessed of whatever information his warrantors could have given him, especially as the warrantors were represented by same counsel at the time of serving defendant, Curlee's, answer." The order of the probate court defining the rights of the parties was binding on them until reversed. It deprived the warrantors of a right which the law gave them independently of an order to that effect, and was, therefore, erroneous, and should have been set aside by the Circuit Court. The exceptions presented by this question, in my opinion, should be sustained, but the majority of the Court is of a contrary opinion.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES. I think the judgment should be affirmed for the reason stated by the Chief Justice.

MR. JUSTICE POPE. I dissent. As stated by Chief Justice McIver in his dissenting opinion, the reasons given by the Circuit Judge for his judgment may be faulty, and yet such judgment may be correct. The Circuit Judge held that Elliott and Ketchin were not necessary parties. In this he was correct, as is admitted in the leading opinion.

MR. CHIEF JUSTICE MCIVER, *dissenting*. While I concur with Mr. Justice Gary in the view which he takes of the question of jurisdiction, and as to the matter of voucher, I cannot agree with him that there was any error on the part of the Circuit Judge in affirming the action of the court of probate refusing the motion of appellants to require that the said Elliott and Ketchin should be made parties defendants. I do not think that there can be any doubt that, under the authorities cited, the said Elliott and Ketchin were neither necessary nor proper parties to the plaintiff's action for dower. The plaintiff did not claim, and could not claim, any relief against them. No case has been cited, and, so far as I am informed, none can be found, which holds that a warrantor of a defendant in an action for dower can or should be made a party to such an action. And it would be a burdensome and unnecessary imposition upon the doweress, involving delay and expense to which she should not be subjected, either to require her to make the warrantor a party defendant, or to permit him to demand that he should be made a party. The only object to be attained is fully accomplished by vouching him in (as was done in this case), and hence, in any view of the matter, the order appealed from was wholly unnecessary, and hence its refusal constituted no reversible error. This, as I understand it, is conceded in the leading opinion, for it is there said: "If the motion had been refused on the ground that there was no necessity for such a proceeding, there would

have been no error.". But the conclusion reached seems to
have been placed upon the ground that the court of probate
rested its conclusion upon an erroneous view of the law. It
seems to me that it is too well settled in this Court to require
the citation of authorities to support it, that the only ques-
tion for this Court is whether a ruling or judgment appealed
from is correct, and not whether the reasons given for such
ruling or judgment by the Court below, are sound; for if
the ruling or judgment is right, it matters not whether the
reasons given by the Court below for its conclusion, are
sound or unsound; and in a number of cases this Court has
affirmed judgments even though they were rested upon erro-
neous grounds. It is necessary to inquire, therefore: 1st.
What was the ruling made by the order appealed from?
2d. Whether such ruling was right? To determine the first
question, it is necessary to consider what was the motion
which was refused by the order in question. The "Case"
shows that the defendant, Curlee, in his answer, demanded
"that the said Thomas K. Elliott and Thomas H. Ketchin
may be made parties to this proceeding, and required to de-
fend the title as to the tract of 580 acres which they war-
ranted to him in and by their said deed;" and in the "Case"
it is stated that "the defendant, Curlee, and said Elliott and
Ketchin, appeared before the probate court and moved the
court for an order making said Elliott and Ketchin parties
to the proceeding, and for leave to come in and answer the
petition of the plaintiff." So that it seems to me clear that
the only ruling asked for by the motion submitted by appel-
lants was that Elliott and Ketchin should be made parties to
the proceeding, and that they be required or permitted to
come in and answer the petition, and such ruling was re-
fused by the order appealed from. 2d. This ruling was, as
we have seen, clearly correct, and even if the order contained
any erroneous or unfounded reasons for such ruling, that
would not vitiate the order. I may add, however, that I am
unable to discover that there is anything in the order either
showing or tending to show that it was based upon any

unsound reason. There is nothing in it, so far as I can perceive, that deprived the appellants or either of them of the legal right to set up any defense to the action by showing that the title which Elliott and Ketchin had conveyed to Curlee was paramount to the plaintiff's claim of dower, or that she had renounced her right of dower, or was in any other way barred of such right. If after the motion on the part of the appellants to make Elliott and Ketchin parties defendants, with leave to answer the petition, they had come in without answering and undertaken to set up such defenses or any of them, and the court of probate had denied them the right to do so, then the case would have been very different, and they would have had good ground to complain. But nothing of the kind appears in the case in the record before us. Indeed, appellants seem to have proceeded upon the mistaken idea that these warrantors could not come and defend the title which they had conveyed to Curlee until they had been made parties defendants, and had answered the petition, and for that reason, probably, they made no attempt to do so.

I think, therefore, that the order of the Circuit Judge appealed from should be affirmed.