## TOOMEY *v.* READ & GRESHAM.

1. Where a demurrer is filed and overruled, an exception to the judgment overruling the same, stating that such a judgment was erroneous and that the same was excepted to and is now excepted to and error assigned thereon, is sufficiently definite, the demurrer itself appearing in the record.

2. While rulings of the trial court made with reference to the pleadings are subjects of direct exception and can not be made grounds of a motion for a new trial, the fact that in one or more grounds of the motion for a new trial questions as to the sufficiency of the pleadings were raised will not work a dismissal of the bill of exceptions sued out on the overruling of a motion which embraces other grounds than those referred to,

and contains assignments of error which it is competent to make in a motion for a new trial.

3. Nor will the bill of exceptions be dismissed on the ground that the verdict and judgment in favor of the plaintiff in error has been discharged and satisfied by a payment in full of the principal and interest for which such judgment was rendered, where the allegation in the motion of the fact of such discharge and payment of the judgment is controverted by the plaintiff in error.

4. A plea of tender alleging a tender of the amount of principal and interest due, when due, and that tenderor had at all times been ready and willing and able to pay said amount, is not subject to general demurrer.

5. Unless a ground of a motion for a new trial is complete in itself, it is insufficient to raise a question for decision by this court.

6. Assignments of error on the ground that the court erred in propounding certain questions to a witness and in admitting the answers thereto are without merit, where the complaining party fails to show that any objections were made at the time of the trial, either to the questions or the answers in response thereto.

7. A condition in a bond for title that upon performance by the obligee in the bond the obligor is "to execute a good and sufficient title" means that the obligor undertakes to convey good title by a deed containing a general warranty.

8. The evidence authorized the verdict finding that the plaintiff should specifically perform by executing a warranty deed as prayed in defendant's answer.

Decided February 23, 1910.

Complaint. Before Judge Worley. Wilkes superior court. December 4, 1908.

*F. H. Colley, I. T. Irvin Jr.,* and *Alexander W. Stephens,* for plaintiff. *William Wynne* and *W. A. Slaton,* for defendants.

BECK, J. Mrs. Margaret Toomey brought suit against Read & Gresham, H. H. Read, and W. A. Gresham, on a note for $1500, signed by the firm of Read & Gresham and by the two members thereof. She sued for the principal, interest, and attorney's fees. The defendants in their answer admitted their indebtedness to the plaintiff in the principal sum of $1500, and interest to the date of maturity of the note, but denied that they were indebted in any further sum as interest or for attorney's fees. They averred that the note sued on represented the last of the payments to be made under a bond for title given to them by the plaintiff, and that when said note became due they tendered the amount of the principal and interest, and had always been ready, willing, and able to pay the same. To this plea the plaintiff filed her demurrer, which was overruled on each and every ground, after the allowance by the court of the fol-

lowing amendment to the plea, offered by the defendants: (After stating the case) "For further plea and answer defendants say that plaintiff, at the time of the execution of the note sued on, executed and delivered to defendants a bond for title, a copy of which is attached to defendants' answer, and placed these defendants in possession of the premises; that plaintiff under the said bond for title is bound to execute and deliver to these defendants a warranty deed to said premises; that plaintiff refuses to deliver to these defendants a warranty deed to said premises. That, prior to the making of a tender of the amount due on their note by defendants, plaintiff refused to make to these defendants a warranty deed to said premises. Wherefore these defendants pray that plaintiff be required to specifically perform her said contract, and that she be required to execute and deliver to these defendants a warranty deed to the said premises." In the bond for title referred to and attached to the plea the plaintiff obligated herself, upon the payment by Read & Gresham of the full amount stipulated in the bond, "to execute to the said Read & Gresham or assigns a good and sufficient title to the aforesaid personalty and realty of land." To the allowance of the amendment over her objection, and to the overruling of the demurrer, the plaintiff excepted. Upon the trial verdict and judgment were rendered in favor of the plaintiff for $1500 principal, and interest up to the date of maturity of the note, and that the plaintiff make to the defendants a warranty deed to the property described in the bond for title. The plaintiff moved for a new trial, which was granted as to H. H. Read, but denied as to the other defendants; to which judgment plaintiff excepted.

1-3. The rulings made in the first three headnotes deal sufficiently with the motion to dismiss the bill of exceptions, and dispose of it adversely to the movant.

4. The defendants filed a plea of tender, to which the plaintiff filed a general demurrer. The court overruled the demurrer, and the plaintiff in error assigns error on this ruling. The plea alleged the tender, after the note was due, on a date stated, of the amount of the principal and interest; that the plaintiff refused to accept the same; that the defendants had at all times been ready, willing, and able to pay said amount. No special demurrer to this plea was filed, and it sufficiently complies with the requirements of the law

in reference to a plea of tender to withstand the attacks of a general demurrer. Civil Code, §3728.

5. It is complained in the motion for a new trial that the court admitted the following evidence of W. A. Slaton, one of the attorneys for defendants: "I told him [Irvin] I wanted to make a tender of the amount. We agreed that it was not necessary to get the actual cash; that he would waive the production of the actual cash, and he did waive it in writing. I also offered Mr. Irvin a warranty deed properly drawn to the premises. That was not a condition to the tender. I made him an absolute tender of the money." This ground of the motion fails to set forth the written statement or agreement, or the substance thereof, which would have been varied or added to. For this reason the ground is incomplete and raises no question for determination.

6. Assignments of error on the ground that the court erred in propounding certain questions to a witness and in admitting the answers thereto are without merit, where the complaining party fails to show that any objections were made at the time of the trial either to the questions or the answers in response thereto.

7. The court charged the jury as follows: "I charge you that the bond for title, which says Mrs. Toomey is to give a good and sufficient title to the defendants, means that she is to give a good and sufficient warranty title." It is contended that the charge quoted is erroneous for the reason that under the bond for title, which stipulated that upon payment of the notes referred to in the bond the obligor therein was to "execute to the said Read & Gresham or assigns a good and sufficient title to the aforesaid personalty and realty," the obligor did not agree to give the defendants a warranty deed. We are of the opinion that where the obligor in a bond for title, selling for his own benefit, agrees therein to execute a good and sufficient title, he undertakes, of course, in the first place, to convey "a good marketable title,—such a title as a reasonably prudent man would accept in purchasing the land or in securing a loan of money" (*Horne* v. *Rodgers,* 113 *Ga.* 224, 227 (38 S. E. 768)), and further, that the expression "execute a good and sufficient title" is to be construed as an agreement upon the part of the obligor to execute a conveyance with a general warranty. See 4 Words & Phrases Judicially Defined, 3109-10, and cases

there cited; also Faircloth v. Isler, 75 N. C. 551; Herryford v. Turner, 69 Mo. 296; Linn v. Barkey, 7 Ind. 69.

What is here decided in no way conflicts with section 3613 of the Civil Code. That section deals with the question of whether the law implies a warranty of title in case of a sale of real estate, without an express warranty, and provides that it does not. In the case before us, the question is not one of implied warranty, but arises on the construction of an express executory contract, and as to whether under its terms the obligee was entitled to have a warranty deed executed to him.

8. There was sufficient evidence in this case to support the finding of the jury that the plaintiff should specifically perform by making to the defendants a warranty title to the lands for the payment of which the note sued upon had been given.

*Judgment affirmed. All the Justices concur.*