### SEABOARD AIR LINE RAILWAY CO. v. JONES
#### (113 S. E. 142)

1.   COMPROMISE AND SETTLEMENT—REMOTE VENDOR VOUCHED TO DEFEND TITLE BECOMES PARTY TO THE ACTION.—Where a remote vendor is vouched in by due notice to defend a pending action against

grantee's title, he thereby becomes a party to the action, and is bound by a compromise made therein, except as modified by agreement with the defendant.

2. PLEADING—MATTER NOT RELIED ON AS GROUND OF DEMURRER NOT BEFORE COURT.—A matter not relied on as a ground of demurrer was not properly before the Court for consideration.

3. VENDOR AND PURCHASER—VENDOR'S CONTRACT TO DELIVER "GOOD AND SUFFICIENT DEED" IMPORTS A DEED WITH USUAL WARRANTIES.— A contract to sell and convey by "good and sufficient deed" imports vendor's intention to deliver a deed with usual warranties, and not a quit-claim, and a vendor intending to convey without warranties should not use the words quoted, as the contract would provide for a quit-claim without these words.

Before TOWNSEND, J., Richland, November, 1921. Reversed.

Action by Seaboard Air Line Railway Company against Wilie Jones. From an order sustaining a demurrer to the complaint the plaintiff appeals.

*Messrs. Efird & Carroll,* for appellant, cite: *"Good and sufficient deed" means deed with usual covenants, and a covenant of general warranty:* 208 Fla. 245; 2 Rich L. 361; 19 S. C. 589; 7 Am. Rep. 117; 106 S. E. 379; 1 Black (U. S.) 450; 59 Penna. 165; 39 Cyc. 1445–6–7; 38 S. E. 769; 4 Words & Ph. 3109, 3110; 75 N. C. 551; 67 Mo. 296; 7 Ind. 69; 67 S. E. 100. *Vendee having paid contract price, vendor is liable for damages caused by his failure to make proper conveyance:* 3 Elliot Conts., Sec. 2332, p. 510; 5 Page Conts., Sec. 2790; 72 S. E. 629.

*Mr. Robert Moorman,* for respondent, cites: *"Good and sufficient deed" does not imply valid title, free from encumbrance:* 4 Words & Ph. 3109; 26 Am. Dec. 620; 11 N. J. L. 110; 6 Cal. 566; 2 Johns (N. Y.) 595; 16 Johns. 267; 28 So. 202; 5 Mass. 494; 27 S. C. 197; 13 S. C. 204; 41 S. C. 513; 13 S. C. 209; Bail. Eq. 375.

July 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The allegations of the complaint material to the questions involved are as follows:

"That on the 31st day of October, 1899, the defendant, Wilie Jones, executed and delivered to the South-Bound Railroad Company a contract in writing as follows:

" 'State of South Carolina, County of Lexington.

" 'For and in consideration of the sum of one thousand dollars cash in hand paid, I, Wilie Jones, party of the first part, hereby sell and convey to the South-Bound Railroad Company, its successors and assigns, party of the second part, the following property.   *   *   *

" 'The above described property is conveyed to said company to be used by it, its successors and assigns, for railroad purposes, either as right of way, depot grounds, and I, the said party of the first part, hereby covenant and agree to execute and deliver to the said railroad company, its successors and assigns, party of the second part, upon demand, a good and sufficient deed conveying the parcel of land above mentioned and described, said deed to be prepared and executed at the expense of the said party of the second part.

" 'It is further covenanted and agreed that, if work is not commenced upon said railroad within one year from this date, then this agreement to be null and void, and the above described property to revert to the said Wilie Jones.

" '(Signed)    WILIE JONES.   (Seal.)

" 'Signed, sealed, and delivered this 31st October, 1889.

" 'Witnesses:

" 'John A. Long,
" 'A. D. McFaddin.' "

The complaint then recites the facts set forth in the following agreement:

"Whereas the Cayce Land Company and James S. Simons et al., heirs at law of Margaret C. Simons, in October, 1917, commenced an action against the Seaboard Air Line Railway company for the possession of and for damages for

the use as a right of way of a strip of land one hundred (100) feet wide through a tract of land fifty-three and one-half (53½) acres of land, in said County and State, which was a portion of one hundred six and one-half (106½) acres conveyed to me by R. W. and James Cayce on December 22, 1892, which said strip of land was entered by the railway company under a contract executed by me on the 31st day of October, 1899, in favor of the South Bound Railroad Company;

"And whereas, the said defendant railway company has vouched me under a notice of this suit and demanding that I come in and defend the same;

"And whereas, it has been brought to my attention that the Seaboard Air Line Railway Company and the plaintiffs in the above stated action have agreed to settle the claims of the plaintiffs to the said strip of land at the price of one thousand ($1,000.00) dollars, with interest from the date of the said contract, the claim of the plaintiffs being for one-half of the value of said strip of land and damages thereto:

"Now, therefore, in order that this litigation may be speedily determined, I, Wilie Jones, hereby covenant and agree that in case the Seaboard Air Line Railway Company should ever sue me on a claim by them that I am liable to it for whatever damages it has suffered by reason of said suit under the terms and provisions of the said contract that in that suit I will not raise any objection to the amount of damages so paid by compromise by the Seaboard Air Line Railway Company; that is to say, that I will accept the amount paid by the said railway company in payment of the claims of the plaintiffs as of the same force and effect as if a verdict and final judgment had been obtained by the plaintiffs therefor; but this agreement is not to be construed in any sense as being an admission on my part of any liability whatever to the Seaboard Air Line

Railway Company by reason of the contract of October 31, 1899.

"October ———, 1919.                              WILIE JONES."

The defendant demurred to the complaint on the following ground:

"It appears from said complaint that the defendant contracted to deliver to the plaintiff only a good and sufficient deed conveying the parcel or parcels of land described in the complaint, and that therefore he is not liable for the payment of any claim by any third person or persons relating to said property when the claim of such person or persons was not granted to them by the defendant."

In sustaining the demurrer and ordering that the complaint be dismissed, his Honor, the Circuit Judge, assigned the following reasons:

"The contract in the case at bar differs from that in *National Light & Thorium Co. v. Alexander,* 80 S. C. 14, 61 S. E. 214, in that here it is to convey merely by a good and sufficient deed, while there the contract provided further that the deed should be 'with the usual covenants of warranty.'

"The contract here, in the absence of countervailing stipulation or evidence, implied an agreement to convey a good title; but, as the vendee paid the purchase money and entered into possession of the land, under the agreement to purchase for at least 16 years before the adverse claim was asserted, or any question raised as to the defendant's title, the vendee and his successors in title must be held to have waived the right to investigate the title of the defendant or to now question the same. *Prothro v. Smith,* 6 Rich. Eq. 333, 334; *Maner v. Washington,* 3 Strob. 180; *Whitworth v. Stuckey,* 1 Rich. Eq. 407.

"There is no express provision in the contract for a warranty of his title by the defendant, as against claims of third parties, and no such warranty can be implied. *Evans v. Dendy,* 2 Speers' Law, 9, 11, and 12, 42 Am. Dec. 356.

*Mitchell v. Pinckney*, 13 S. C. 209. *Lessly v. Bowie*, 27 S. C. 197; 3 S. E. 199. The first opinion, *Latimer v. Wharton*, 41 S. C. 509, 19 S. E. 855, 44 Am. St. Rep. 739, delivered by our present CHIEF JUSTICE, then acting as Associate Justice, clearly shows that the failure of the plaintiff's assignor and predecessor in title to obtain the title which he expected in purchasing from the defendant gives no cause of action against the defendant."

When the Cayce Land Company and others, as plaintiffs, brought the action mentioned in the complaint against the Seaboard Air Line Railway company, as defendant, and the said railway company served notice on Wilie Jones, demanding that he defend said action, he thereby became a party to said action, and was bound by the compromise in that case except as modified by the agreement between himself and the said railway company. *Robertson v. Curlee*, 59 S. C. 454, 38 S. E. 116. Under that agreement the only question left open between him and the said railroad company was the proper construction of the provision in the contract containing these words:

"I, Wilie Jones, the said party of the first part, hereby covenant and agree to execute and deliver to the said railroad company, its successors and assigns, party of the second part, upon demand, a good and sufficient deed conveying the parcel of land above mentioned and described."

The question of waiver was not relied upon as a ground of demurrer, and therefore was not properly before the Court for consideration. Nor was the contract for the execution and delivery of a good and sufficient deed to be construed as it was a deed without a covenant or warranty.

It was the intention of Jones to bind himself to execute and deliver either a quitclaim deed or one with the usual covenants of warranty, which are: (1) That the vendor is seized in fee; (2) that he has the right to convey; (3)

that the vendee, his heirs and assigns, shall quietly enjoy; (4) that the land is free from encumbrances; and, also it seems (5) a covenant for further assurance. *Jeter v. Glenn,* 9 Rich. 374. If it had been the intention of the defendant to covenant to execute and deliver a deed without warranty, he should not have used the words "good and sufficient" in describing the deed, as the covenant would have been sufficient to provide for a quitclaim deed without the use of the words "good and sufficient."

The form of deed prescribed by Section 3453, Code of Laws 1912, which is ordinarily used, contains this covenant of warranty:

"And I do hereby bind myself, my heirs, executors, and administrators, to warrant and forever defend all and singular the said premises [before mentioned], unto the said * * * his heirs and assigns, against myself and my heirs, and against every person whomsoever, lawfully claiming or to claim the same, or any part thereof."

That Section, however, contains this proviso:

"This Section shall be so construed, as not to oblige any person to insert the clause of warranty, or to restrain him from inserting any other clause or clauses, in conveyances hereafter to be made, as may be deemed proper and advisable by the purchaser and seller, or to invalidate the forms heretofore in use within this State."

The defendant was not compelled to insert the words "good and sufficient" in the contract, but, having done so, they must be given their usual and ordinary meaning.

Reversed.

Mr. Justice Fraser, Cothran, and Marion concur.

Mr. Justice Cothran: I concur upon the ground that a covenant to convey by a "good and sufficient deed" means by general warranty. *Hedges v. Kerr,* 4 B. Mon. 536; *Frazier v. Boggs,* 37 Fla. 307, 20 South. 245. *Day v. Burnham,* 89 Ky. 75, 11 S. W. 807. *Tharin v. Ficklin,* 2 Rich.

361.  *Gaither v. O'Doherty,* (Ky.) 12 S. W. 306.  *Hawkins v. Merrett,* 109 Ala. 261, 19 South. 589.  *Ford v. Street,* 129 Va. 437, 106 S. E. 379.  *Topp v. White,* 12 Heisk. (Tenn.) 165; 39 Cyc. 1445.  *Toomey v. Read,* 133 Ga. 855, 67 S. E. 100.  *Burwell v. Jackson,* 9 N. Y. 535. *Lewis v. White,* 16 Ohio St. 444.  *Shouse v. Doane,* 39 Fla. 95, 21 South. 807.