## HASKINS *v.* BANK OF THE STATE OF GA.

1. It is not essential to the legal completeness of a bill of exceptions, sued out in due time and assigning error upon an order striking a plea, that it should contain an exception to the final judgment in the plaintiff's favor. If striking the plea cut off a valid legal defense, a new trial will necessarily result.

2. The law applies partial payments upon a promissory note infected with usury, first to the extinguishment of the lawful interest, and then to the reduction of the principal. Conse-

quently, where such a payment on such a note exceeds in amount the lawful interest due thereon, the excess must, if the debtor so elects, be treated as a pro tanto payment of the principal; and a plea setting up such payment is good, though filed more than twelve months after the making of the same.

Argued January 13,—Decided February 22, 1897.

Complaint on note. Before Judge Reid. City court of Atlanta. July term, 1896.

*Simmons & Corrigan*, for plaintiff in error.
*John L. Hopkins & Sons*, contra.

LUMPKIN, Presiding Justice.

An action was brought by the bank against Haskins upon a promissory note. The defendant, among other things, pleaded partial payment and usury. His plea of usury was stricken on demurrer; and the plaintiff then admitting the payment as alleged, the court directed a verdict in its favor for the amount remaining after deducting such payment, and a final judgment was entered accordingly. The defendant excepted to the action of the court in sustaining the demurrer to his plea of usury and directing a verdict, but did not specifically except to the final judgment.

1. A motion was made in this court to dismiss the writ of error, on the ground that there was no exception to the final judgment rendered in the court below. We do not think this motion was well founded. The only meritorious ground of complaint which the plaintiff in error had was, that his plea of usury, which was a good plea, had been stricken. After this was done, the result reached was the necessary and logical disposition of the case; and therefore, the only real injury done to the defendant below was in cutting him off from his defense of usury. We are entirely satisfied it was not incumbent upon him to specially except to the final judgment rendered. That judgment depends solely for its validity and force upon the correctness of the action taken by the court in depriving the defendant of his right to urge his full defense. Every subsequent step taken in the prog-

·ress of the trial after the court's ruling striking the defendant's plea, was, because of the grave error thus committed, nugatory.    The plaintiff took its judgment subject to the right of the defendant to have this error corrected. This can now be done only by ordering a new trial; and correcting in this manner the error complained of necessarily involves setting aside the judgment, the fate of which follows that of the ruling by virtue of which it was obtained. It was, of course, necessary for the plaintiff in error to make it appear that he was really injured by the decision of which he complains, and to this end he properly recited in his bill of exceptions the fact that final judgment was entered up· against him in accordance with the erroneous view of the case entertained by the trial judge; but it was not incumbent upon the plaintiff in error to specifically attack such judgment by assigning error thereon.    In establishing his contention that the court erred in striking his plea, he undermines the only foundation upon which the judgment can stand, and it accordingly falls to the ground.

2. The objection which the demurrer raised to the plea was, that it was filed too late, the payment of the usury having been made more than twelve months before the filing of the plea.    In the argument here, the able and candid counsel for the defendant in error, after his motion to dismiss had been overruled, very properly conceded that the striking of the plea by the trial court on the ground stated was erroneous.    The question involved is settled by the decisions of this court in *Archer* v. *McCray*, 59 *Ga.* 546; *Wilkinson* v. *Wooten, Ibid.* 584; *Crane* v. *Goodwin,* 77 *Ga.* 362, and other decisions to the same effect.

*Judgment reversed.    All the Justices concurring.*