## KIBBEN *v.* COASTWISE DREDGING COMPANY.

A direct bill of exceptions to a ruling made pendente lite, which does not assign error upon any final judgment, though such a judgment was rendered, will not be entertained by this court.

Argued July 14, — Decided August 11, 1904.

Motion to dismiss the writ of error.

*Frank H. Harris* and *Woodford Mabry* for plaintiff.

*Crovatt & Whitfield*, for defendant.

CANDLER, J. This was a suit for damages. The petition alleged that on a named date the defendant was operating a dredge-boat in the waters of the port of Brunswick; "that said dredge-boat was anchored in the stream of the said port of Brunswick, and had a cable stretched across the stream, to wit, the navigable waters of said port, to wit, the stream over and on which all sailing and steam vessels were accustomed to pass in coming up to and going from said port of Brunswick, and which said cable so stretched across said stream was a hidden obstruction to the navigation of said stream;" that this obstruction was of a dangerous character; that the plaintiff, who was the owner of a certain sloop, or sailing vessel, attempted to put to sea in his vessel, "and while passing the said dredge and over said obstruction, to wit, said cable stretched across the stream, the said defendant, its agents, servants, and employees, . . hauled upon said cable and pulled the same up, and doing so negligently and carelessly, if not wantonly, hung the same in the rudder of petitioner's said sloop . . and which same caused the said sloop to capsize;" and that the plaintiff was thereby damaged in a named sum, for which he prayed judgment. On the trial, after the evidence was all in, the plaintiff asked leave to amend his petition by alleging that the cable to which reference has been made was stretched "across or partly across said stream." This amendment was allowed, subject to the right of the defendant to move to strike it. The de-

fendant immediately made such a motion, on the ground that the amendment set up a new and distinct cause of action. The court agreed with this view and struck the amendment. The case was thereafter submitted to the jury, who found for the defendant. The plaintiff did not move for a new trial, but brought the case to this court by direct bill of exceptions, the sole assignment of error being upon the order sustaining the motion of the defendant to strike the amendment offered by the plaintiff. On the call of the case in this court, counsel for the defendant in error moved to dismiss the writ of error, on the ground that the judgment excepted to was not a final one, and does not purport to have been one affecting the final result of the case; that "no exception being taken to the verdict and judgment finally disposing of said cause, plaintiff could only except thereto, if at all, after having first filed and had allowed and entered of record exceptions pendente lite thereto, and not having done so nor excepted to the final judgment in said case, there is no proper or sufficient assignment of error, and his writ of error will not lie."

There can be no doubt that the motion to dismiss is well taken. The Civil Code, § 5526, prescribing what causes may be taken to the Supreme Court, provides that no case shall be brought to this court by bill of exceptions so long as it is pending in the court below, unless the decision complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. Provision is made in the same section, however, for the manner in which rulings made pending the final disposition of the case may be brought to this court for review. True, a final disposition has been made of the present case by the verdict and judgment in favor of the defendant, but no complaint is made of that judgment. Had the amendment offered by the plaintiff been allowed, it would in no sense have been a final disposition of the case, nor, indeed, is it made to appear that the result reached would have been affected in the slightest degree. Whether the refusal of the amendment was erroneous is not pertinent to this discussion. The point could easily have been made in this court by filing exceptions pendente lite in the court below, excepting to the final judgment when rendered, and, in the bill of exceptions to this court, assigning error on the exceptions pendente lite. This, however, was not done, and the case can not be

brought to this court on exceptions to a ruling made pendente lite, when there was no exception to any final judgment made on the trial.    See *Harrell* v. *Tift*, 70 *Ga.* 730, which is controlling of the case now under consideration, and in which it was held: "A case can not be brought to this court for adjudication by direct exception solely to a ruling made pendente lite. There must be a valid exception to some final ruling of the court below, on which to predicate other assignments of error." See also *Trustees* v. *Merchants Bank*, 62 *Ga.* 284; *Barge* v. *Robinson*, 115 *Ga.* 41, and cit.    The case of *Haskins* v. *Bank*, 100 *Ga.* 216, is distinguishable on its facts from the case at bar.    It was held that a writ of error would lie to the refusal of the court to allow a valid plea of usury, even though the bill of exceptions did not assign error upon any final judgment.    That case went upon the idea that after the erroneous refusal of the court to allow the plea, all subsequent proceedings were nugatory.    Here no such facts are shown; it not only does not appear that the refusal to allow the amendment to the petition necessarily controlled the verdict and judgment, but it does not appear that it had the slightest effect thereon.    In principle, however, it is apparent that the case of *Haskins* v. *Bank* and the cases which follow it are in conflict with what is here ruled, but to that extent it is in the face of the earlier decision in *Harrell* v. *Tift*, which was decided by a full bench, and to which it must yield.    From what has been said it is clear that the writ of error can not be entertained.

*Writ of error dismissed.    All the Justices concur.*