### 748. HOLLOMAN *v.* CITY OF TIFTON.

1. A bill of exceptions reciting that the trial judge sustained a general demurrer to the petition, and alleging that "to this order sustaining said demurrer plaintiff excepted, and now excepts and assigns the same as error," is not subject to dismissal on the ground that it contains no sufficiently definite assignment of error. *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181 (52 S. E. 439) ; *Melson* v. *Thornton*, 113 *Ga.* 99 (38 S. E. 342) ; *Burns* v. *Horkan*, 126 *Ga.* 161 (54 S. E. 946).
2. The court did not err in sustaining the demurrer.

Complaint, from city court of Tifton—Judge Eve. August 3, 1907.

Submitted December 11,—Decided December 20, 1907.

*R. D. Smith Jr.,* for plaintiff.   *W. J. Wallace,* for defendant.

POWELL, J. The plaintiff sued the City of Tifton for $300, alleging, that in 1906 he was arrested in said city, was arraigned and tried before the police court on a charge of illegally keeping intoxicating liquors, was convicted, and was sentenced to the chaingang, with the alternative of paying a fine of $300; that he was forced to pay this fine or be placed at labor on the streets, and he paid the fine, against his wishes and over his protest; that the evidence on the trial disclosed that he did not have the liquor in the city of Tifton, but two miles away; but, under a mistake of law (in that he believed that the city had the power and jurisdiction to punish for offenses beyond the corporate limits), he paid the fine. The warrant on which he was arrested and tried charged that the offense was committed in the city of Tifton. Under these circumstances he prays judgment against the city for the sum of $300.

If the allegations be true, the judgment of conviction was erroneous, and subject to be set aside on certiorari; but it was not void. The court had jurisdiction to try for the offense charged, and there being no exception regularly taken to the judgment rendered, the defendant was concluded by it as to his guilt of the offense charged. There are many other reasons why a suit of this character can not be maintained, but, in the light of the one given, others would be superfluous.                    *Judgment affirmed.*