## 3374.   WHIDDEN *v.* CITY OF THOMASVILLE.

HILL, C. J.   1. The judgment sustaining the general demurrer to the petition is a final judgment, from which a writ of error will lie.

2. Where a bill of exceptions recites that the court sustained a general demurrer, and that "the plaintiff in error excepted to the order sustaining said general demurrer, and assigns the same as error," the assignment of error is sufficient. *O'Neal* v. *Miller,* 9 *Ga. App.* 180 (70 S. E. 971).

3. In a suit to recover damages from a municipal corporation for an alleged injury resulting from a defective construction of a street, it is not necessary to allege either actual or constructive notice of such defective construction. Civil Code (1910), § 898; *Mayor etc. of Montezuma* v. *Wilson,* 82 *Ga.* 206 (9 S. E. 17, 14 Am. St. R. 150).

4. The allegations of the petition, in form and substance, set forth a cause of action, and the court erred in sustaining a general and special demurrer thereto.                              *Judgment reversed.*
                  DECIDED DECEMBER 19, 1911.

Action for damages; from city court of Thomasville—Judge
W. H. Hammond.   March 27, 1911.

The petition alleges, that the defendant damaged the plaintiff
in the sum of $200, by reason of negligence hereinafter set forth;
that a claim in writing (a copy of which is set forth) was pre-
sented to the defendant by the plaintiff, in which payment of the
amount of the damage was demanded, and that payment was
refused.   The remaining allegations are as follows: (Paragraph 5)
"Your petitioner shows that at a certain point on Oak street,
within the limits of the city of Thomasville, the defendant had,
for a number of years prior to and until a short time prior to the
injury complained of, maintained a bridge over a certain branch
which crosses Oak street; that this bridge was constructed by the
use of heavy timbers, which were attached to posts on either side
of the branch, so as to form a solid wall on each side thereof, and
then a top or covering was attached, on a level with the street, so
as to form a platform or bridge across said branch; that said
bridge as thus constructed left an aperture or opening underneath,
about five feet in width and about four and one half or five feet
high, which enabled all of the waters flowing down said branch
and also all the waters that flowed from eastward and from a
westward direction along Oak street to this point, even in case
of excessive rainfall, to pass off without damaging the street.   (6)
Your petitioner shows that said City of Thomasville, a short time
prior to the injury complained of, removed the top or covering
from said bridge and inserted in the bed of said branch, between
the wooden walls of the bridge, a drain-pipe 15 inches in diam-
eter, and then filled in on either side and on top of said drain-
pipe with earth, up to the level of the street, and this drain-pipe
was the only means provided by the city for carrying off the waters
that accumulated at that point.   (7) Your petitioner shows that
said city has so laid out, constructed, and graded said Oak street
that the surface water flows down hill, from both the eastward
and westward, along said street to the point where said branch
intersects the street at the mouth of said drain-pipe, and there in-
termingles with the water of the branch, all of which water finds
its only outlet thence through said drain-pipe.   (8) Your peti-
tioner shows that in time of ordinary rainfall said drain-pipe was
entirely inadequate to convey the water that accumulated at the

mouth of said drain, and that the defendant, in the construction of said drain, had negligently failed to place any header or other device at the mouth of said drain, to prevent the waters thus accumulating at this point from washing under and around said drain-pipe and underneath said street; that as a result of this the waters had undermined said street, by forcing an outlet underneath the street by· washing out the soil with which said drain-pipe had been covered. (9) Your petitioner shows that on the 12th day of October, 1910; while a certain mule was being driven with due care along said Oak street by a servant of the petitioner, and while said mule was passing over said drain-pipe, that, unknown to your petitioner and to said servant, the said earth over and around said drain-pipe had been so undermined by the waters that the same caved in while said mule was ·in the act of passing over the same, and caused said mule to be thrown down and killed. (10) Your petitioner alleges that said injury was occasioned [by] and due solely to the negligence of the defendant in the construction of said drain-pipe underneath said street, and to this end, alleges: 1. That the defendant was negligent in placing underneath said street a 15-inch drain-pipe, which it knew or ought to have known was totally inadequate and insufficient to carry off said waters. 2. In not providing a suitable device at the mouth of said drain-pipe to prevent the water which had accumulated there from washing away the earth around said drain-pipe and undermining said street. 3. In not constructing said drain-pipe in such a manner as to have prevented said washing, and to have prevented said street from caving around said drain-pipe."

Besides demurring generally to the petition, the defendant demurred specially to paragraph 5 as "irrelevant and impertinent to the issue;" and to paragraph 9 because "it fails to allege that the defendant had notice, actual, constructive, or legal, of any defect in its street at the time of the alleged injury to the mule," and because it does not set forth the manner in which the mule was killed.

*Theodore Titus,* for plaintiff.

*T. N. Hopkins, J. H. Merrill,* for defendant.