*Peacock & Gardner, R. J. Bacon, R. H. Ferrell,* contra, cited: Gambrill v. Schooley, 93 Md. 48 (48 Atl. 730); Peterson v. W. U. Tel. Co., 72 Minn. 41; s. c. 66 Minn. 18; Williamson v. Freer, L. R., 9 Com. Pl. 393; Pullman v. Hill, 1 Q. B. Div. 529; Owen v. Ogilvie Pub. Co., supra; Adams v. Lawson, 17 Gratt. 250; Sun Life Ins. Co. v. Bailey, 101 Va. 443; Ferndom v. Dickens, '49 Sou. 888.

---

7218. WALKER v. CRUMMEY.

1. A bill of exceptions reciting that the court erred in sustaining the demurrer, to which judgment "said defendant excepted and now assigns the same as error," contains a sufficient assignment of error.

2. The court did not err in sustaining the demurrer to the affidavit of illegality.

DECIDED JULY 11, 1916.

Appeal; from Wayne superior court—Judge Highsmith. December 10, 1915.

*Robert L. Bennett, W. G. Gibbs,* for plaintiff in error.

*James R. Thomas,* contra.

HODGES, J. The defendant in error foreclosed a mortgage against the plaintiff in error, the execution was levied, and the plaintiff in error interposed an original and an amendatory affidavit of illegality to the levy. The case was tried in the county court of Wayne, and, judgment being rendered in favor of the defendant in error, the case was appealed to the superior court. The superior court sustained a demurrer to certain paragraphs in the affidavit of illegality and struck them, and rendered judgment against the plaintiff in error.

1. A motion to dismiss the writ of error was filed in this case, upon the ground that there was no sufficient assignment of error, and that the assignment did not sufficiently point out to this court the matter complained of. The assignment of error is in the following words: "The judge of the superior court . . sustained so much of the plaintiff's demurrer in regard to paragraphs 2 and 4, and ordered said second and fourth paragraphs stricken from the defendant's original and amended affidavit of illegality, and to which said defendant excepted and now assigns the same as error." Under rulings of this court and of the Supreme Court, this is a sufficient assignment of error. *Holloman* v. *Tifton,* 3 *Ga. App.* 293 (59 S. E. 828); *O'Neal* v. *Miller,* 9 *Ga. App.* 180 (70 S. E. 971); *Toomey* v. *Read,* 133 *Ga.* 855 (67 S. E. 100).

2. The affidavits were insufficient in law, in that they set forth nothing that constituted a defense to the plaintiff's case. The special demurrer was properly sustained as to the paragraphs stricken, because they contain nothing that would authorize the admission of testimony upon the trial. The defendant pleaded a set-off alleged to be due by the plaintiff to her husband, but did not allege any assignment thereof to her. Her husband must have transferred this chose in action to her by written assignment, otherwise she could not have maintained an action thereon or pleaded a set-off against the mortgage foreclosure. Civil Code, § 3653; *Turk* v. *Cook,* 63 *Ga.* 681; *Dean* v. *Bateman,* 12 *Ga. App.* 253 (77 S. E. 102). The affidavits in effect amount to an attempt to plead payment, but are wanting in the essentials of such a plea.

They fail to allege when and how, and to whom the alleged payments were made. *Ginn* v. *Carithers*, 14 *Ga. App.* 298 (80 S. E. 698) ; *Wortham* v. *Sinclair*, 98 *Ga.* 173 (25 S. E. 414). This defense having been properly stricken, it was proper for the court to render judgment against the plaintiff in error for the amount appearing to be due, under the pleadings.        *Judgment affirmed.*