### 9369. WOODALL *et al.* v. HARRIS, governor.

BROYLES, P. J. This was a rule nisi for the forfeiture of a bond given in a criminal case. The only error assigned in the bill of exceptions is upon the judgment of the court sustaining a demurrer filed to the answer of the sureties upon the bond. It does not appear, either from the bill of exceptions or the record, that any final judgment was ever rendered. The bill of exceptions therefore can not be maintained. *Byrd* v. *Brown*, 17 *Ga. App.* 422 (87 S. E. 607); *Vaughn* v. *Milner*, 121 *Ga.* 436 (49 S. E. 287); *United Glass Co.* v. *McConnell*, 110 *Ga.* 616 (36 S. E. 58); *Harrell* v. *Tift*, 70 *Ga.* 730; *Newberry* v. *Tenant*, 121 *Ga.* 561 (49 S. E. 621); *Hendricks* v. *Reid*, 125 *Ga.* 775 (54 S. E. 747); *Piedmont Co.* v. *Kelley*, 125 *Ga.* 759 (54 S. E. 748); *Simmons* v. *Scarborough*, 129 *Ga.* 125 (58 S. E. 1037); *Lyndon* v. *Georgia Ry. &c. Co.*, 129 *Ga.* 353 (58 S. E. 1047); *Mertins* v. *Pritchard*, 135 *Ga.* 643 (70 S. E. 328). The ruling in *Haskins* v. *Bank*, 100 *Ga.* 216 (27 S. E. 985), cited by plaintiff in error, that "it is not essential to the legal completeness of a bill of exceptions, sued out in due time and assigning error upon an order striking a plea, that it should contain an exception to the final judgment in the plaintiff's favor," is contrary to the earlier adjudication in *Harrell* v. *Tift*, supra, and was practically overruled in *Kibben* v. *Coastwise Dredging Co.*, 120 *Ga.* 899 (48 S. E. 330), and in *Montgomery* v. *Reynolds*, 124 *Ga.* 1053 (53 S. E. 512). Moreover, in the *Haskins* case it appeared that a final judgment therein had been rendered.

> *Writ of error dismissed. Bloodworth and Harwell, JJ., concur.*
> DECIDED MARCH 14, 1918.

Forfeiture of recognizance; from Pike superior court—Judge Searcy. October 12, 1917.

*Redding & Lester,* for plaintiffs in error.

*E. M. Owen, solicitor-general,* contra.