## 9554. KENNEDY & COMPANY v. SAVANNAH BUGGY COMPANY.

HARWELL, J.  In this case no final judgment is excepted to, the only error assigned in the bill of exceptions being upon the judgment sustaining the demurrer to the plea and answer of the defendant and the striking of this plea and answer. Moreover, it does not appear from the bill of exceptions or the record that any final judgment was ever rendered. The bill of exceptions therefore can not be maintained, and the writ of error must be dismissed. *Woodall* v. *Harris,* 22 *Ga. App.* 69 (95 S. E. 377), and cases therein cited.

*Writ of error dismissed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 1, 1918. REHEARING DENIED NOVEMBER 11, 1918.

Complaint; from city court of Thomasville—Judge W. H. Hammond.

*Merrill & Grantham,* for plaintiffs in error.

*Titus, Dekle & Hopkins,* contra.

ON MOTION FOR REHEARING.

HARWELL, J.  The able counsel for plaintiff in error, in their motion for rehearing, called the attention of this court to the cases of *O'Neal* v. *Miller,* 9 *Ga. App.* 180; *Whiddon* v. *Thomasville,* 10 *Ga. App.* 194; *Walker* v. *Crummey,* 18 *Ga. App.* 414; *Toomey* v. *Reid,* 133 *Ga.* 855. The cases of *Walker* v. *Crummey,* supra, and *Toomey* v. *Raid,* supra, are not at all in point, and need not be discussed. In *O'Neal* v. *Miller* and in *Whiddon* v. *Thomasville,* supra, a general demurrer to the petition was sustained, the plaintiff excepted to the sustaining of this general demurrer, and it was held that the judgment sustaining the general demurrer to the petition was a final judgment, and that the assignment of error

was sufficient. In the instant case the demurrer to the plea was sustained, and the plea stricken. The court can not in this case hold as a matter of law that a final judgment has been rendered because.the plea has been stricken, or because the suit is on a promissory note. Neither can we look to the briefs to get that information. The bill of exceptions should show that a final judgment has been rendered and excepted to. In the *O'Neal* and *Whiddon* cases, supra, the rulings were predicated upon the fact that when a general demurrer to a petition is sustained, it necessarily follows that a final judgment has been rendered. The suit is out of court. But it does not follow that because a plea has been stricken a final judgment has been rendered. Under the repeated rulings of this court and of the Supreme Court the dismissal of the writ of error, in our judgment, is demanded, and it could avail nothing to grant a rehearing. It is therefore denied.