24229. HANNAH *v.* FARMERS & MERCHANTS BANK.

STEPHENS, J. 1. The Court of Appeals had no jurisdiction to entertain a bill of exceptions and to pass upon any of the assignments of error therein where the bill of exceptions was tendered to the judge for certification beyond the time required by law after the rendition of any of the rulings complained of. This is true notwithstanding an antecedent ruling complained of was preserved by exceptions pendente lite and exceptions thereon were properly assigned in the bill of exceptions. Thus, where the only rulings complained of in the bill of exceptions consisted in the verdict and the judgment, and the judgment sustaining the special demurrer and striking a portion of the defendant's plea, and the verdict and judgment complained of were rendered on March 13, 1934, and the judgment upon the demurrer to the defendant's plea was rendered March 12, 1934, this court had no jurisdiction to entertain the bill of exceptions, which was presented to the judge for certification on June 8, 1934, more than sixty days after the rendition of the judgments complained of. Civil Code (1910), § 6152.

2. While it appears from the record that the bill of exceptions was tendered for certification within thirty days from the rendition of the judgment overruling the motion for a new trial, which was on May 31, 1934, there appears no assignment of error as to the judgment overruling the motion.

3. There being no exception to a final judgment within the time required by law, this court has no jurisdiction to entertain the bill of exceptions, and the motion to dismiss the bill of exceptions is sustained. *Harrell* v. *Tift,* 70 *Ga.* 730; *Kibben* v. *Coastwise Dredging Co.,* 120 *Ga.* 899 (48 S. E. 330); *Hester* v. *Mallary Brothers Machinery Co.,* 142 *Ga.* 320 (82 S. E. 884); *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829).

*Writ of error dismissed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 12, 1935.

*Emmett Smith,* for plaintiff in error.
*Ralph S. Brown, Boykin & Boykin,* contra.