31699. GREENE *v.* ORR.

DECIDED SEPTEMBER 13, 1947.

674

*Roy B. Rhodenhiser Jr.*, for plaintiff in error.

·*Thomas W. Johnson, C. A. Cunningham, V. Eugene Morgan*, contra.

FELTON, J. ██ The motion to dismiss the writ of error is denied. A bill of exceptions reciting that the court erred in .overruling the general and special demurrers,· and that "to this ruling the plaintiff in error excepted and now excepts and assigns the same as error upon the ground that it was contrary to law," contains a sufficient assignment of error where the demurrers themselves appear in the record. *Toomey* v. *Read*, 133 *Ga.* 855 (67 S. E. 100) ; *Walker* ·v. *Crummey*, 18 *Ga. App.* 414 (89 S. E. 539) ; *Holloman* v. *Tifton*, 3 *Ga. App.* 293 (59 S. E. 828).

██ As shown by the record of file in the office of the Clerk of the Supreme Court, the plaintiff in *Conway* v. *Grant*, 88 *Ga.* 40 (13 S. E. 803, 14 L. R. A. 196, 30 Am. St. R. 145), alleged that the defendant "wrongfully and injuriously did keep certain dogs, five in number, she, the said defendant during all that time well knowing that the said dogs then were used and accustomed to attack and bite mankind, and that they were of a ferocious and mischievous nature, and not keeping the said dogs properly secured." The defendant on the trial of the case made a motion to dismiss the petition as' setting forth no cause of action, which was granted. Chief Justice Bleckley said in the opinion reversing the trial court: "The ferocious character of the dogs and the knowledge of the owner are sufficiently alleged." If not almost identical to the allegations of the instant case, the allegations of the *Conway* case are so strikingly similar to those of this case as to preclude any further discussion of the sufficiency of the allegations as against general demurrer. In *Hays* v. *Anchors*, 71 *Ga. App.* 280 (30 S. E. 2d, 646), there were no allegations that the dog was vicious and that the defendant had knowledge of its viciousness, but merely an allegation that the dog "was of a vicious species of animal life and was known to the public as being of vicious species and that this classification was of such general knowledge as to put the defendant on notice of the fact that the dog referred to was vicious," which, when construed against the pleader as against demurrer, is not an allegation that the dog in question was vicious, but that dogs of his breed were vicious, and it is not an allegation that the defendant knew of the dog's vicious

propensities, but that the public knew or classified the breed as vicious. The law requires that, in order for the plaintiff to recover, the dog in question be vicious and that the keeper have knowledge of the viciousness. The petition in the *Hays* case, supra, did not meet those requirements.

■ Since counsel for the plaintiff in error has not insisted upon his assignments of error upon the overruling of his special demurrers, they will be treated as abandoned.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*