34611.   DEESE *v.* CITY OF DUBLIN *et al.*

Decided May 16, 1953—Rehearing denied June 9, 1953.

*H. Dale Thompson,* for plaintiff in error.

*Al Hatcher,* contra.

TOWNSEND, J. ■ There is a motion to dismiss the bill of exceptions on the ground that the following assignment of error on the final judgment is insufficient in law: "Be it further remembered that then said demurrers came on for a hearing before said judge, and he after hearing argument and citations of law on the questions raised then and there sustained said demurrer and ordered the affidavit of illegality stricken, and entered his judgment accordingly, which ruling and judgment was adverse and final to the defendant, T. M. Deese, to which ruling sustaining said demurrer and passing said order of dismissal the defendant excepted, and now excepts, and assigns the same as error as being contrary to law." An assignment of error on a judgment sustaining a general demurrer on the ground that it is contrary to law is sufficient. *Greenwood* v. *Greenblatt,* 173 *Ga.* 551 (2) (161 S. E. 135). The motion to dismiss the bill of exceptions is without merit.

■ Code § 39-1005 provides as follows: "Affidavits of illegality are, upon motion and leave of court, amendable instanter

by the insertion of new and independent grounds: Provided, the defendant shall swear that he did not know of such grounds when the original affidavit was filed." Upon the demurrer hearing, the affiant Deese tendered an amendment to his original affidavit of illegality, which did not, however, contain any averment that he did not know of such grounds when the original affidavit was filed. Under the provisions of Code § 39-1005, supra, the court properly disallowed the amendment upon objection thereto on this ground. Nor was the affiant's case helped because, as set out in the bill of exceptions, the court "refused to allow T. M. Deese to amend said amendment by showing that he did not know of said grounds of amendment at the time of filing said original affidavit of illegality." While a party to an action has a right to amend at any time prior to the rendition of the final judgment (Code, Ann. Supp., § 81-1001; *Browning* v. *Hirsch*, 87 *Ga. App.* 576, 75 S. E. 2d 43), an *offer to amend* is different from the *tender of an amendment*; and, since it does not appear from the record that any such amendment was actually offered to the court, or even reduced to writing so that its contents might be ascertained, before the judgment dismissing the affidavit of illegality was signed, no error appears in the disallowance of the amendment proffered.

■ The charter of the City of Dublin (Ga. L. 1937, pp. 1771, 1806) provides in part as follows: "The amount of the assessment on each piece of real estate [for tax purposes to provide revenue for street paving] shall be a lien on said real estate from the date of the passage of the ordinance providing the work and making the assessment. Said City of Dublin shall have authority to enforce the collection of the amount of any assessment so made for work, either upon the streets or sidewalks, by execution issued by the city clerk against the real estate so assessed and against the owner thereof at the date of the ordinance making the assessment. . . Provided, that the defendants shall have the right to file an affidavit denying the whole or any part of the amount for which said execution issued is due, and stating what amount he admits to be due, with all costs, shall be paid and collected before the affidavit is received, and the affidavit shall be received for the balance, and the affidavit so received shall be returned to the Superior Court of Laurens County and

there tried as other cases of illegality are tried." The original affidavit of illegality here fails to deny that any part of the amount included in the execution is due, fails to show what part is due, if any, and fails to allege that the part due has been paid and collected, but alleges merely that the city has no record of the total cost of said paving and has set an arbitrary figure in its assessment, and that the paving placed on the petitioner's property is inferior and of no use to him. Such allegations fail to comply with the statutory requirements of the act, for which reason the trial court did not err in sustaining the general demurrer.

The contention that the city ordinance authorizing said paving and assessment is unconstitutional and void, in that it does not provide for notice or any opportunity for an affiant to be heard, and did not afford this deponent due process, is not properly raised, no copy of the ordinance referred to being set out in the affidavit or attached thereto as an exhibit; nor is the constitutional provision alleged to have been violated set forth.

Likewise, the allegations of fraud, to the effect that the deponent was misled into thinking there would be no paving until the assessments had been made and paid for in advance, as set forth in the affidavit of illegality, are not sufficient to show injury to him.

Accordingly, the trial court properly dismissed the affidavit of illegality on general demurrer.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*