## 38596. DOUGLAS v. CURRIE FORD COMPANY.

TOWNSEND, Presiding Judge. 1. A motion to dismiss a petition on the ground that it sets forth no cause of action is a motion in the nature of a general demurrer. *Reid v. Sinclair Refining Co.,* 62 Ga. App. 198 (8 S. E. 2d 527). An assignment of error based on the sustaining of a general demurrer with the resultant dismissal of the petition, on the ground that the same is contrary to law, is sufficient. *Greene v. Orr,* 75 Ga. App. 673 (44 S. E. 2d 273). Accordingly, the motion to dismiss the bill of exceptions on the ground that there was no sufficient assignment of error is without merit. The remaining grounds of the motion have either been abandoned or are likewise insufficient to work dismissal of the bill of exceptions.

2. Fraud by which the consent of a party to a contract of sale has been obtained renders the sale voidable at the election of the injured party. *Code* §§ 96-201, 96-202. This is true in law as well as in equity. *Nichols v. Williams Pontiac, Inc.,* 95 Ga. App. 752 (1) (98 S. E. 2d 659). The petition here seeks money damages because of alleged fraudulent misrepresentations inducing the plaintiff to sign a contract of sale for the purchase of an automobile. The action is for an amount equal to the consideration paid by such plaintiff. Since on proof of such fraud, the plaintiff has a right to rescind, and since the petition here shows such election on the part of the plaintiff, the petition seeks only money damages, and the addition of a prayer in the petition that the contract of sale "be set aside on the grounds of fraud" is not such a prayer

for equitable relief as to give the Supreme Court rather than this court jurisdiction of the appeal. The motion to transfer the case to the Supreme Court is denied. *Patterson v. Correll*, 211 Ga. 372 (86 S. E. 2d 113).

3. The petition alleges that on February 18, 1958, the plaintiff entered into an agreement with the defendant to purchase a Ford automobile at a time price of $4,141.04 less credits for a down payment and two automobiles traded in, leaving a balance of $2,546.10 to be paid in monthly instalments of $84.87; that the plaintiff made four such instalment payments; that because the Ford automobile was subject to various defects the defendant agreed to "give plaintiff another car of the same kind and make, to take the place of and be in lieu of the first car . . . your petitioner was to continue his payments as he had agreed under the first conditional-sales contract for the automobile which he originally purchased." It is further alleged that when the second automobile was delivered he was required to sign two papers represented to him to be merely receipts for the car, one of which he retained and one of which the defendant retained, and these documents were not in fact receipts but were a sales agreement and a conditional-sale contract for the second automobile showing a total balance due of $3,031.20 payable in monthly instalments of $84.20 each; that the plaintiff paid seven such instalments; that in May, 1959, the defendant repossessed the second automobile and not until that time did the plaintiff, who was uneducated and illiterate, learn that he had in fact signed a contract of purchase and not merely a receipt for the second automobile delivered to him.

We need not go into the question of whether the plaintiff shows any actionable fraud inducing him to sign the instrument which he seeks to have set aside, or the question of whether the petition affirmatively shows such lack of diligence in discovering and repudiating the fraud as would bar his recovery. In *Southern Auto Co. v. Fletcher*, 70 Ga. App. 299, 302 (2) (28 S. E. 2d 184) there was a single automobile involved, and the plaintiff sought to repudiate the second of two sale contracts relating to the same subject matter on the ground that the second contract, which was alleged to have been substituted for the first contract, was procured by fraud. It was there held: "Assuming for the sake of argument that the evi-

dence was sufficient to show that the second contract was fraudulently induced and therefore void, the elimination of the second contract would place the parties in the position occupied immediately before the execution of the second contract, to wit, their position under the first contract. Since there was no evidence that the first contract was procured by fraud, the plaintiff showed no right to recover." Essentially the same elements are present here. While in this case there is both a substitution of sale contracts and a substitution of subject matter, nevertheless, the plaintiff's position is that he was still operating under the first contract at least as to the time and amount of payments, since the second contract was procured by fraud and therefore void. Obviously, he had an automobile on which he was making monthly payments, and he had to be operating under one or the other of the contracts as to the payments required of him. Had the second contract been only a "receipt" as he claims, that is, substituting one automobile for another under the terms of the first contract of sale, then he was bound by the terms of the first contract, and the same is true if the second contract, although not a receipt in form, was void because procured by fraud. In this case, as in the *Fletcher* case, no attack is made on the original instrument, the only complaint as to it being against the quality of the article purchased. In both cases, the second instrument was an attempt to remedy an acknowledged defect —in the *Fletcher* case, by an adjustment in purchase price, in this case, by the substitution of another automobile. If, then, the plaintiff is right in all of these contentions, his petition shows only that, the second contract being void insofar as it attempts to fix a new and greater purchase price, the plaintiff's rights must stem from the first contract of sale amended, as he claims it was, by the substitution of a different vehicle. This avails him nothing, since the petition affirmatively shows that regardless of which contract of sale he was operating under he was delinquent in his monthly instalment payments and had by such delinquency breached the contract. The contracts of sale are not attached to the petition but are referred to therein as conditional-sale contracts; being such, they must be presumed to be the type of contract under which the vendor retained title until the article was paid for, thus construing the petition most strongly against

the pleader. When the plaintiff became delinquent in his instalment payments, as he alleges he did, the defendant would have had the right to repossess under the second instrument if it was valid; if not, the rights of the parties, under the plaintiff's contentions, would have to be determined by reference to the first instrument, as to which he was also delinquent. Although the first instrument described a different automobile than the one seized by the defendant, under the plaintiff's theory the automobile seized was substituted for the one described by mutual agreement of the parties. The petition accordingly did not set forth a cause of action for the relief sought.

*Judgment affirmed.   Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 20, 1961.

*Robt. R. Forrester, Briggs Carson, Jr.,* for plaintiff in error. *Reinhardt & Ireland, Bob Reinhardt,* contra.