### 39665. CHESSER v. SCARBOROUGH.

BELL, Judge. This court has no jurisdiction over the present appeal for the reason that there is no valid bill of exceptions.

The plaintiff makes his exceptions in the bill as follows: " . . . now excepts, contends and insists that the rulings made on the 29th day of January, 1962, reinstating said motion for new trial and the rulings made on the 4th day of May, 1962, the same being the final order of the court, and granting the motion for new trial, *is contrary to law.*" (Emphasis added.)

At another place in the bill the plaintiff recites that she comes and assigns error on all of the rulings of the court complained of as being *"contrary to law."* (Emphasis added.)

An assignment of error that the ruling is contrary to law is not valid where the error might have been assigned on more than one ground, as the bill of exceptions should state "wherein it is contrary to law." Such an assignment is too indefinite to present a question for decision by the appellate court. *Vick v. Farmers & Merchants Bank of Coolidge,* 209 Ga. 77 (70 SE2d 764); *Soman v. Yeager,* 209 Ga. 444 (73 SE2d 198); and *Price v. Stewart,* 209 Ga. 532 (74 SE2d 458). It seems clear that the granting of the motion to reinstate the motion for new trial and the granting of the motion for new trial (which as amended had several grounds in it) could have been contrary to law on more than one ground, and, therefore, the bill of exceptions not specifying wherein the rulings of the trial court were contrary to law, under the above authorities, presents no questions for appellate review and must be dismissed. See also *Moore v. Moore,* 215 Ga. 47 (108 SE2d 704).

*Writ of error dismissed. Felton, C. J., and Hall, J., concur.*

DECIDED SEPTEMBER 11, 1962.

*Spears & Smith, Ted D. Spears,* for plaintiff in error.
*Lanier Randall,* contra.