39836, 39837. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA v. GRIFFITH, by Guardian (two cases).

DECIDED JANUARY 18, 1963.

*McCamy, Minor & Vining, John T. Minor, III,* for plaintiff in error.

*Roscoe Pickett, Young H. Fraser, N. Forrest Montet, Mitchell & Mitchell, D. W. Mitchell,* contra.

CARLISLE, Presiding Judge. Ray Griffith, a minor, suing by and through his mother as natural guardian, brought these two suits against American Casualty Company, of Reading, Pennsylvania, to recover in one case the sum of $7,500 for himself and for the benefit of John H. Lee, Jr., and in the other to recover a like sum for himself and for the benefit of Mrs. John H. Lee, Jr. It was alleged in each petition that the defendant had issued to the petitioner a policy of automobile liability insurance covering a described automobile which petitioner was operating when it was involved in a collision with an automobile driven and occupied by Mr. Lee and in which Mrs. Lee was riding as a passenger; that the Lees sustained certain injuries and damages for which they sued the petitioner; that the matter was referred to the defendant and the defendant refused to defend the same, contending that it had no coverage; that petitioner employed an attorney to defend the suits and in the course of the defense, the attorney entered into a compromise settlement with the plaintiffs, paying to each plaintiff the sum of

$150 in cash and delivering to each plaintiff a note for $7,500 executed by petitioner and his guardian ad litem under the approval of the Superior Court of Whitfield County. Attached as exhibits to the petitions were copies of the policy of insurance and copies of the notes executed by the plaintiff to Mr. and Mrs. Lee. The defendant filed general and special demurrers to the petition and the trial court overruled those demurrers and the assignment of error here is on that judgment.

■ The defendant in error has made motions in this court to dismiss the writs of error because it is contended that the assignments of error in each are too indefinite to present a question for this court's decision. The assignment of error in each bill of exceptions is that the judgment overruling the demurrers was "contrary to law." The motions to dismiss are denied. A bill of exceptions which recites that the court overruled general and special demurrers and assigns error on the ground that it was "contrary to law," contains a sufficient assignment of error where the demurrers themselves are specified to be transmitted and are transmitted to this court in the record. This is true also where the judgment is one sustaining the demurrers. *Greene v. Orr*, 75 Ga. App. 673 (1) (44 SE2d 273); *Cain v. Tuten*, 82 Ga. App. 102 (1) (60 SE2d 485); *Deese v. City of Dublin*, 88 Ga. App. 341 (1) (76 SE2d 629); *Williams v. Appliances, Inc.*, 91 Ga. App. 608 (1) (86 SE2d 632); *Douglas v. Currie Ford Co.*, 103 Ga. App. 75 (1) (118 SE2d 586). The case of *Chesser v. Scarborough*, 106 Ga. App. 529 (127 SE2d 493) cited and relied on by defendant in error in support of its motions to dismiss is distinguishable from the foregoing cases and from this case in that there the assignment of error related to a ruling upon which error might have been assigned on more than one ground in which case it was necessary to state wherein the ruling complained of was contrary to law.

■ The so-called promissory notes referred to in each petition are identical as to date, amount and other details, with the exception that in one case the note is made payable to Mr. Lee and the other to Mrs. Lee. The note executed to Mr. Lee is as follows:
■

"For value received, I promise to pay to the order of John H. Lee, Jr., the sum of seventy-five hundred ($7,500) dollars, upon the following conditions, to wit:

"Whereas, that on the 26th day of November, 1958, at or about 7:30 p.m. Mrs. John H. Lee, Jr., was riding in an automobile operated by John H. Lee, Jr., and was in collision with an automobile operated by the promissor herein and as result of said collision, Mrs. John H. Lee, Jr. suffered certain injuries.

"In consequence of the collision and injuries, said John H. Lee, Jr. filed a suit in the Superior Court of Whitfield County, Georgia, claiming damages against the promissor herein in the sum of fifty thousand ($50,000) dollars.

"And whereas, the said John H. Lee, Jr. and the promissor herein reached an agreement in settlement of said claim and as a part of the consideration in said settlement, the promissor herein agreed to execute and deliver to John H. Lee, Jr., a promissory note in the sum of seventy-five hundred ($7,500) dollars to be payable from any sums that might be collected in a suit in behalf of John H. Lee, Jr. or Ray Griffith against the American Casualty Company in which the said Ray Griffith and/or his mother, Mrs. Corrine Griffith, held a policy No. F22-509 which said insurance policy covered the automobile owned and operated by the said Ray Griffith and by the terms of said policy, the insurance company agrees to pay to an injured party in behalf of Ray Griffith the sum of ten thousand ($10,000) dollars and therefore, this note is only enforceable against any funds that might be realized by suit or settlement of any claim filed against the American Casualty Company.

"This note is not negotiable and the holder hereof agrees that there will never be any effort to enforce the collection of the same against the maker individually and personally.

"This note is executed under the provisions of an order of the Superior Court of Whitfield County, Georgia, in the approval of the settlement of the case of John H. Lee, Jr. vs. Ray Griffith.

"Given under the hand and seal of the undersigned on this the 20th day of February, 1960.

/S/ ————————————————— L.S.

Ray Griffith

Approved by:

———————————————/S/
Guardian ad litem

Filed in Office
Date: March 6, 1962

/S/ ————————————————
F. C. Cooper, Clerk
Whitfield Sup. Court."

The policy allegedly issued by defendant contains a promise by the defendant "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. Bodily injury, sickness or disease . . . sustained by any person;" and "B. Injury to or destruction of property . . ; arising out of the ownership, maintenance or use of" the insured automobile. Such an insuring agreement is an agreement to pay on behalf of the insured only such sums as he shall become *legally* obligated to pay. *Hodges v. Ocean Accident &c. Corp.*, 66 Ga. App. 431 (18 SE2d 28). Construing the petition most strongly against the pleader, as must be done on general demurrer, the petition, when considered in connection with the exhibits attached thereto, shows that the petitioner paid out in each case the sum of $150 in settlement of his legal liability to the third party plaintiff and gave to each plaintiff the instrument quoted above which was not a negotiable note and which was expressly never to be enforced against the petitioner individually and personally. Such an instrument was not a promissory note or any other obligation of the insured since it did not contain an unconditional promise to pay anything at any determinable future date. *Code* §§ 14-201 (2) and 14-203. It was, therefore, wholly insufficient to support any recovery by the plaintiff.

We are not unmindful that in the *Hodges* case, supra, and again in *Aetna Cas. &c. Co. v. Starrett*, 102 Ga. App. 278, 280 (115 SE2d 641), it was held that such an insuring agreement creates an obligation and liability on the insurance company upon the happening of the event (the casualty insured against),

and that subsequent happenings cannot change this obligation. What we hold here is not inconsistent with this proposition, for the subsequent settlement of the suits by the petitioner here with the plaintiffs in those cases merely fixed and determined the amount of the defendant insurance carrier's liability.

The only item of damages set forth in the petition in each case is the amount of the so-called promissory note, to wit, $7,500. This is the principal amount prayed for in the prayer in each petition. When a petition sets forth one or more items of special damage and prays for a judgment in the exact amount of the item or items of special damages set forth in the petition, it must be assumed that the purpose of the petitioner was simply to seek a recovery of the item or items set forth and to waive the right to recover any other item of damage which might incidentally appear from the content of the petition to have arisen from the transaction. *Wright v. Smith,* 128 Ga. 432 (3) (57 SE 684); *Hadden v. Southern Messenger Service,* 135 Ga. 372, 374 (69 SE 480); *Hall v. Browning,* 195 Ga. 423, 428 (24 SE2d 392); *Stewart v. Western Union Telegraph Co.,* 83 Ga. App. 532, 535 (3) (64 SE2d 327). Thus construed, the petitions do not seek a recovery of the $150 in cash actually paid out to the plaintiffs in the settlement of the former cases. Therefore, the principal amount of recovery sought is not recoverable because it is not shown to be an amount which the petitioner is legally obligated to pay, and the promise of the defendant is only to pay such sums as the petitioner would be legally obligated to pay in damages.

The only other items of recovery sought in the petitions are the 25 percent statutory penalty and the further sum of $2,500 "as a reasonable fee for counsel for his services in bringing *this* action." (Emphasis supplied). The right to recover these two items is dependent upon the right to recover the principal sum. Since the principal sum cannot be recovered, neither can they. Since none of the items of damages claimed in these suits was recoverable, the petition in each case was subject to general demurrer and the trial court erred in overruling the general demurrer in each case. *Strickland v. Flournoy,* 95 Ga. App. 315 (2) (97 SE2d 638), and cits.

The foregoing ruling renders it unnecessary to decide any issue raised by the special demurrers, and the exception to the overruling of the special demurrers is, therefore, not passed upon.

*Judgments reversed. Bell and Hall, JJ., concur.*