## 60002. ORR v. DAIRYLAND INSURANCE COMPANY.

BIRDSONG, Judge.

Bad faith insurance penalty and attorney fees. Charles Orr, the insured appellant, sought to extend his auto insurance coverage with Prudential Property and Casualty Ins. Co. and paid an agent of that company an $85 partial premium on January 25, 1979. The agent issued Orr a binder that covered him for 30 days. Orr apparently had a bad driving record and on January 31, 1979, Orr was involved in yet another accident which admittedly was his fault. Orr promptly notified Prudential of the January 31 accident. On January 31, the agent told Orr that because of his poor driving record, Prudential could not issue coverage but that coverage had been obtained effective 12:01 a.m. January 31 with Dairyland Ins. Co., a high-risk insurer. Orr had a claim filed against him by the other party involved in the accident which ultimately amounted to $1,905.60. Orr made demand against both Prudential and Dairyland to protect him against the adverse claim. Prudential denied the coverage on the ground that Dairyland had assumed coverage effective 12:01 a.m. January 31. Dairyland denied coverage on the ground that they were fraudulently informed by speed letter after the date of the accident, that coverage was to be backdated from February 5, 1979 to 12:01 a.m. January 31. Orr brought suit against Prudential in the initial complaint but later added Dairyland. After the suit had been brought against both the insurance companies, Prudential settled the suit against it and paid on behalf of Orr the sum of $1,905.60 in satisfaction of the claim filed against Orr. The suit against Prudential was dismissed with prejudice and Prudential is no longer a party. In paying the claim, Prudential took a release "of all claims" from Orr. The language of that release provided in pertinent part that the sum of $1,905.60 was accepted by Orr "in full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge *of all actions, claims and demands whatsoever,* that now exist, or may hereafter accrue, against Prudential Property & Cas. Ins. Co. and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the treatment thereof, and the consequences flowing therefrom, as a result of an accident, casualty or event which occurred on or about 31 day of January 1979 at or near Atlanta, Georgia and for which the Undersigned claims the above named persons or parties are legally liable for damages." (Emphasis supplied.) Orr then sought 25% penalty and attorney fees against Dairyland for its wilful refusal to recognize the claim against it. The trial court granted Dairyland's motion to dismiss for failure to state

an action. Orr brings this appeal enumerating several alleged errors. *Held:*

In substance the trial court ruled that because appellant Orr sought no general damages (i. e., the amount of the claim had already been paid), there was no basis for penalties and attorney fees for wilful refusal to pay the claim within 60 days of demand. Moreover, the trial court apparently concluded that no contract of insurance existed between Orr and Dairyland because Dairyland had never issued Orr a policy and no basis existed to determine the amount of any putative coverage.

For either of two reasons we conclude that the trial court correctly granted summary judgment to Dairyland. The provisions of the release executed by Orr to Prudential for the payment of the entire claim pressed against Orr cannot be read in any manner other than as a general, as opposed to a limited, release. There is no limiting language whereby Orr attempted to restrict the effect of the full payment of the claim against him by his insurer. The release related to the accident of January 31 which constituted the sole basis of the claim against both Prudential and Dairyland. It was fully settled and Orr released and discharged all actions, claims and demands whatsoever that existed against any person, corporation, association, or partnership arising out of the accident of January 31 or consequences flowing therefrom. The result of this release was to settle all rights Orr had flowing from the accident. *Lindsey v. Samoluk,* 236 Ga. 171, 172 (223 SE2d 147); *Garrett v. Heisler,* 149 Ga. App. 240, 241 (253 SE2d 863); *Robinson v. Baker,* 141 Ga. App. 43 (232 SE2d 386). In the absence of basic liability by Dairyland, there likewise could have been no liability for statutory penalties or attorney fees. *Morris v. Ins. Co. of N. A.,* 114 Ga. App. 517 (4) (151 SE2d 813); *American Cas. Co. v. Griffith,* 107 Ga. App. 224, 228 (129 SE2d 549). See especially, *Georgia-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747 (266 SE2d 531). The trial court did not err.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 11, 1980 — REHEARING DENIED SEPTEMBER 30, 1980.

*William H. Brandon, John Heath,* for appellant.
*R. Dennis Withers, Terry C. Banta,* for appellee.