[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14047
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00837-AT

TRAVELERS CASUALTY AND SURETY COMPANY,

Plaintiff – Appellee,

versus

DWIGHT STEWART,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 4, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges:

PER CURIAM:

Dwight Stewart appeals (i) summary judgment entered in favor of Travelers

Casualty and Surety Company (Travelers) in Travelers' declaratory judgment

action regarding a third-party insurance policy and (ii) dismissal for failure to state

a claim of bad faith against Travelers.  Upon review,[1] we affirm.

## I. BACKGROUND[2]

Joseph and DeLisa Hayes jointly own real property at 5515 Mallard Trail,

Lithonia, Georgia, with respect to which Travelers issued a homeowners policy

naming Joseph and DeLisa as the insureds.  The policy covered the period between

December of 2010 and December of 2011, and it included as additional insureds

"relatives" of Joseph and DeLisa who resided in their "household."  Joseph and

DeLisa resided at the property as husband and wife until June of 2008, when they

separated.  Each ceased to live at the property from the time of the separation and

the Hayeses began to rent the property.  Malcolm Brown, the natural son of Joseph

Hayes and stepson of DeLisa Hayes, lived with the Hayeses sporadically during his

---

[1] We review *de novo* a grant of summary judgment. *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014).  Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  *Id.*; Fed. R. Civ. P. 56(a).  "We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

[2] Because Stewart failed to file a response to Travelers' statement of material facts, as required by N.D. Ga. R. 56.1(B)(2), instead submitting his own statement of material facts, we treat Travelers statement of material facts as true to the extent they are supported by the evidence, do not make credibility determinations, do not involve legal conclusions, and are not disputed by Defendant's own statement of facts.  *See Reese v. Herbert*, 527 F.3d 1253, 1268–71 (11th Cir. 2008).

2

childhood.  According to his father, Brown became something of a "floater" when he turned seventeen, spending the next six years at times in North Carolina, South Carolina, and Georgia.  Brown had access to the Mallard Trail property, and during 2011 he would stay there a few nights a week.  In June 2011, Brown negligently discharged a firearm and injured Dwight Stewart, the Appellant in this case, who was visiting the property at the time.  Stewart filed a complaint in the Superior Court of DeKalb County on May 16, 2012, naming Joseph and DeLisa Hayes and a John Doe as defendants.  Travelers learned of the shooting incident and the suit from a July 9, 2012 letter from Stewart's counsel demanding settlement in the amount of the policy and alleging the Hayeses (but not Brown) as the insured policyholders.  Stewart joined Brown as a defendant on October 18, 2012, and dismissed the Hayeses on April 12, 2013.  Brown was not served until April 23, 2013.  He failed to appear in court and a default judgment was entered against him on Stewart's claims of negligence and negligence per se with a jury awarding Stewart $1.3 million in damages.  Brown never sought a defense from Travelers or requested coverage.

By letters dated February 15, 2014 and February 28, 2014, Stewart demanded that Travelers pay the entire amount of the judgment to Stewart. Travelers filed the present suit on March 24, 2014 seeking a declaratory judgment that it has no duty to pay Stewart.  In his answer, Stewart asserted a counterclaim

3

for bad faith failure to settle, which the district court dismissed for failure to state a claim. Thereafter, the district court denied Stewart's motion for reconsideration or to amend his complaint when it granted summary judgment to Travelers, reasoning that absent an obligation to insure, the bad faith claim must also fail.

## II. DISCUSSION

In his initial brief, Stewart rests his summary judgment appeal exclusively on the basis of *Hoover v. Maxum Indemnity Co.*, 730 S.E.2d 413 (Ga. 2012), contending that Travelers is barred from asserting "policy related defenses" because Travelers rejected Stewart's claim without a reservation of rights. However, the district court did not err in finding *Hoover* inapplicable to this case. *Hoover* involved an insurer's denial to defend or compensate a named insured upon formal request by the named insured. *Hoover*, 730 S.E.2d at 415–16. The court held that because it declined to defend the insured, the insurer was unable to assert defenses to coverage that it had not specifically reserved in its denial. *Id*. at 416–17. Despite Stewart's repeated references to his own demands for payment from Travelers, it is undisputed that Brown, the purported insured, never notified Travelers of a claim or requested coverage or a defense. As the district court correctly perceived, Georgia law requires the named insured or additional insured affirmatively to elect coverage under the policy. *See Grange Mut. Cas. Co. v. Snipes*, 680 S.E.2d 438, 440 & n.3 (Ga. Ct. App. 2009) (collecting cases and

stating that "[u]nder Georgia law, a defendant . . . who may be entitled to be an additional insured under an insurance policy must "elect" coverage by forwarding a copy of the complaint to the insurer").  In any event, *Hoover* did not hold that the assertion that an individual is not an insured under a policy is an impermissible policy defense.  *Hoover*, 730 S.E.2d at 416–418; *see also Keever v. First Am. Title Ins. Co.*, No. 4:13-CV-00246-HLM, 2014 WL 11460792, at \*10 (N.D. Ga. May 21, 2014) ("The *Hoover* opinion did not address the present question of whether an insurance company can waive the defense that a claimant was never an insured in the first place, and this Court is unable to make such a leap based on the language therein.").

Stewart's brief lacks any treatment of the issue of whether or not Brown was an "insured" under the policy, the district court's primary ground for granting summary judgment in favor of Travelers.[3]  Apart from a merely descriptive reference to the holding of the district court in the brief's statement of issues, there is no discussion as to whether Brown was an insured under the policy. Accordingly, Stewart has abandoned the issue.  *See Sepulveda v. U.S. Att'y Gen.*,

---

[3] Stewart's response to Travelers' motion for summary judgment likewise omitted any substantive discussion of the issue of whether Brown was an insured under the policy.  *See* Response to Motion for Summary Judgment at 14 (reciting, in a single paragraph, facts "unfavorable" to Travelers on the point but concluding "there is no need to revisit any of these issues because the facts were already established at the underlying jury trial and are now *res judicata*," and providing no corresponding legal analysis).  Even Stewart's reply brief on appeal, large portions of which Travelers moved to strike as well beyond the scope of the issues raised in the initial briefs, failed to elaborate on the issue of whether Brown was an insured under the policy.

401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."); *see also Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012) (holding that a brief which merely mentions an issue once in a descriptive manner abandons the issue); *Kelliher v. Veneman*, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002) (stating that because the appellant "only mentioned his EEOC retaliation claim in the summary of the argument in his initial brief" and "made no arguments on the merits as to this issue, the issue is deemed waived").

To the extent Stewart asserts collateral estoppel based on the DeKalb County proceedings, the argument clearly fails. In that case, Stewart asserted negligence and negligence per se and claimed statutory attorneys' fees against Brown in connection with the shooting incident. There is no evidence the issues of Brown's residency and whether he was an insured were "essential to the judgment" in that case. *Swain v. State*, 552 S.E.2d 880, 882 (Ga. Ct. App. 2001). In any event, Travelers was not a party to the DeKalb County case and ceased all involvement when the Hayeses were dismissed on April 12, 2013. *See id.* ("[F]or application of the doctrine of collateral estoppel . . . both proceedings must involve the same parties or their privies . . . .").

Finally, because we affirm summary judgment and hold that Travelers has no obligations to Stewart under the policy, Stewart's bad faith claim must also fail

as a matter of law, as the district court reasoned in denying Stewart's motion for reconsideration and to amend complaint.  In the absence of any duty to provide coverage there is no bad faith, so we must affirm the district court's dismissal for failure to state a claim.  *See* O.C.G.A. § 33-4-6 (bad faith claim available "in the event of a loss which is covered by a policy of insurance"); *Orr v. Dairyland Ins. Co.*, 273 S.E.2d 630, 631 (Ga. Ct. App. 1980) ("In the absence of basic liability by [the insurer], there likewise could have been no liability for statutory penalties . . . ."); *Morris v. Ins. Co. of N. Am.*, 151 S.E.2d 813, 814 (Ga. Ct. App. 1966) ("[T]he [claim] of bad faith and statutory penalty . . . is without merit since there was no coverage.").[4]

## III. CONCLUSION

For the foregoing reasons, the district court did not err in granting summary judgment to Travelers, and consequently, Stewart's bad faith claims also fail.

**AFFIRMED**.

---

[4] Similarly, there is no need to address Travelers' motion to strike portions of Stewart's reply brief because we affirm summary judgment in Travelers' favor.

7